# EXHIBIT 1

MARC E. BATT & ASSOCIATES
Donald Litman, Esquire
ID 54767
1500 JFK Blvd., Suite 1450
Two Penn Center
Phila. PA 19102
215-629-7225
donlitman@battlaw.us

Attorneys for:    PLAINTIFFS


*Filed and Attested by the
Office of Judicial Records
07 JAN 2024 05:11 pm
G. IMPERATO*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA, PENNSYLVANIA

| | |
|---|---|
| BENJAMIN NATHAN LITMAN | : |
| Individually and on behalf of others similarly situated | : |
| | : |
| v. | : |
| | : |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : |
| PHILADELPHIA FEDERATION OF TEACHERS | : |
| ANTHONY B. WATLINGTON, SR., Ed.D. | : |
| KARYN LYNCH | : |
| LETICIA EGEA-HINTON | : |
| ARLENE KEMPIN | : |
| BURNETT COKE | : |
| LIZETTE EGEA-HINTON | : |
| ERICKA WASHINGTON | : |
| DEBORAH MOORE | : |
| JUSTIN THOMAS | : |
| COLLEEN LANDY-THOMAS | : |
| COLLEEN McINTYRE OSBORNE | : |
| MICHELLE CHAPMAN | : |
| KRISTEN DIANE JUNOD | : |
| JEREMY GRANT-SKINNER | : |
| DR. KAREN KOLSKY | : |
| SHEILA WALLIN | : |
| JAY MUCHEMI | : |

CIVIL ACTION - LAW

Case Number: 231102809

Jury Demand (12) Members

## NOTICE TO DEFEND

<table>
<tr><td>

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

</td><td>

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia Servicio
De Referencia E Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

</td></tr>
</table>

## CIVIL ACTION COMPLAINT

COMES NOW, the Plaintiffs, by and through counsel, and hereby states as follows:

INTRODUCTION:

1.  The Plaintiffs bring this civil action pursuant to Title VII of the Civil Rights Act of 1964,

    42 USC § 2000 e, the equal protection clause of the Fourteenth Amendment to the

    Constitution of the United States, to remedy and enjoin the Defendants, jointly and

    severally, from unlawful discrimination  against those employees with disabilities that are

    subject to local, state and federal protections, particularly the Americans with Disability

    Act, 42 U.S.C. § 12101,   failure to pay wages in violation of the Pennsylvania Wage

Payment and Collection Law, 43 P.S. § 260.3, wrongful termination in violation of public policy, defamation, fraud, and breach of contract.

PARTIES:

2. The Plaintiff Benjamin Litman, is an individual and at all times relevant to this litigation was a resident of Montgomery County, Pennsylvania. At all times relevant to this Complaint Benjamin Litman is a permanent full time employee of The School District of Philadelphia, in the Office of Student Enrollment and Placement, in the role as a Placement Specialist, together with all rights and benefits associated therewith, including those under a Collective Bargaining Agreement, between all said similarly situated employees within the personnel working for the School District of Philadelphia.

3. All similarly situated Plaintiffs, as the plaintiff Benjamin Litman, are hereby included in the allegations against the below identified defendants. Said employees having recognized disabilities that are benefited by reasonable accommodations at work, in order to facilitate the employee's ability to perform their job, and who are harmed by the rescission of the board policies and procedures for the application by employees for reasonable accommodations.

4. Defendant, The School District of Philadelphia, (SD), is part of the system of public education in the Commonwealth of Pennsylvania. Phila. School District Policy 002, Sec. 1. The Plaintiffs are employees within said school district.

5. Defendant, Philadelphia Federation of Teachers, (PFT), is a labor union for its members, which include teachers, librarians, school nurses, counselors, psychologists and social

Case ID: 231102809

workers, secretaries, paraprofessionals, classroom assistants, non-teaching assistants, supportive services assistants, Head Start/Comprehensive Early Learning Center and Bright Futures teachers and staff, food service managers, and professional and technical employees.

6.  Defendant Anthony B. Watlington, SR., Ed.D:, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Superintendent of the School District of Philadelphia. Said Defendant has been directly notified since December 2022, at a Board of Education meeting that there was corruption within the patronage placements within the administrative offices of the School District of Philadelphia, the elimination for policies and procedures that permit employees to seek reasonable accommodations due to having a disability, the display of political signs inside school administrative offices, the outside employment of school district staff that conflicts with their official duties, the placement of students premised on personal interests of school district staff rather than upon the needs of the student and the catchment that applies or otherwise by written procedures or guidelines that specifically delineate the process that every placement specialist within The School District of Philadelphia, is to follow particularly when performing school selection, and said Defendant and their office has been contacted daily about the retaliation following is matter.

7.  Defendant Karyn Lynch, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Chief of Student Support Services and the Chief over the Office of Student Enrollment and Placement. She escalated and pushed for Plaintiff Benjamin Litman's termination.

Upon belief, this defendant engaged in the destruction of submitted records by said Plaintiff in this matter and tampered with evidence. This Defendant acknowledged to be the person who personally blocked the Plaintiff's like-kind transfer request, which would have allowed for said plaintiff to work in an appropriate work environment.

8. Defendant Leticia Egea-Hinton, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Vice President of the School Board and is currently a School Board member. Said Defendant has been individually charged with misconduct in the pending School Selection Federal Lawsuit against the school district. She is the mother of Lizette Egea-Hinton and her daughter has been put in charge of School Selection as one of the top executives over the process, due to patronage, and her daughter is the direct supervisor over the Plaintiff Benjamin Litman.

9. Defendant Arlene Kempin, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Vice President of the Philadelphia Federation of Teachers (PFT). Said Defendant is a friend of Defendant Deborah Moore, who hereinbelow is noted as the complainant against Plaintiff Benjamin Litman. Said Defendant failed to act, perform and serve her personal duties as an advocate and legal representative to the Plaintiffs with fidelity, namely all employees covered by the collective bargaining agreement (CBA) with the School District of Philadelphia (SD), who pay for and are thereby entitled for competent, unbiased, and effective union representation at any and all disciplinary proceedings of district staff, and she did not ensure the CBA was followed. Said Defendant refused to acknowledge her conflicts of interest, and did not ensure a fair hearing process for dues

paying union members, and acted inappropriately to protect the welfare and interests of its members.

10. Defendant Burnett Coke, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Director in Human Resources. Said Defendant claimed the Plaintiff Benjamin Litman never contacted the Office of Accommodations and that Plaintiff Benjamin Litman was noncompliant with repealed School Board Policy 104.

11. Defendant Lizette Egea-Hinton, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the daughter of a School Board member and owner of her own Philadelphia-based educational consulting firm. Said Defendant is the Plaintiff's Benjamin Litman's direct supervisor and has long standing direct involvement.

12. Defendant Ericka Washington, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy Chief of the Office of Student Enrollment and Placement. She is directly in charge of Plaintiff Benjamin Litman's department and former COO of Universal Family of Schools. She initiated the first disciplinary actions against Plaintiff Benjamin Litman after completing her rehire probationary period.

13. Defendant Deborah Moore, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Secretary of the Office of Student Enrollment and Placement and former friend of Plaintiff Benjamin Litman. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

Case ID: 231102809

14. Defendant Justin Thomas, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the direct title peer to Plaintiff Benjamin Litman and they sat next to each other in connected workstations. Justin Thomas' inappropriate actions have been previously reported by Plaintiff Benjamin Litman. He is also directly in charge of the high school School Selection process in Federal Lawsuit.

15. Defendant Colleen Landy-Thomas, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is Justin Thomas' wife and concealed this relationship during this process. She is the Director of the Educating Children and Youth Experiencing Homelessness department. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

16. Defendant Colleen McIntyre Osbourne, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is an attorney working for the School District of Philadelphia while also running her election campaign bid for District Judge. She has political conflicts of interest in this case and she has served as an investigator twice in this process. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

17. Defendant Michelle Chapman, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy Chief of the Office of Employee and Labor Relations. She failed to provide any information for an ADA-compliant reasonable accommodation when asked

Case ID: 231102809

numerous times, made conflicting statements to Plaintiff Benjamin Litman and the Pennsylvania Office of Open Records, and she served as an investigator on this case. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

18. Defendant Kristen Diane Junod, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is an attorney in the Office of General Counsel. Her office failed to protect a whistleblower and leaked Plaintiff Benjamin Litman's identity. Her office has failed to provide timely discover as requested and answer questions about this case when asked daily.

19. Defendant Jeremy Grant-Skinner, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy Superintendent of Talent, Strategy, and Culture. He reaffirmed the decision to proceed with termination of Plaintiff Benjamin Litman without any records produced and only made this decision known after Plaintiff Benjamin Litman cited that as a requirement under the PFT CBA. He has made defamatory statements about Plaintiff Benjamin Litman, which has not been supported with any proof nor sworn testimony as requested.

20. Defendant Dr. Karen Kolsky, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the hearing officer who recommended termination and suspended without pay against Plaintiff Benjamin Litman. Her hearing practices did not offer a fair hearing. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

21. Defendant Sheila Wallin, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint, said Defendant pursued disciplinary action against Plaintiff Benjamin Litman in conjunction with Ericka Washington. She left a hearing early against Plaintiff Benjamin Litman, showing her bias. She also blocked his like-kind transfer request. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

22. Defendant Jay Muchemi, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Director of Operations in the Office of Student Enrollment and Placement. She refused to provide an inventory of Plaintiff Benjamin Litman's items when his workstation was moved and the location of his new workstation. She also actively barred Plaintiff Benjamin Litman from staff meeting attendance. Her position requires her to be knowledgeable about all related policies and procedures in the School District of Philadelphia. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

23. Plaintiffs are all employees of the School District of Philadelphia who have diagnosed physical or cognitive disabilities, conditions or limitations that are protected as disabled citizens pursuant to local, state and federal laws and regulations.

24. Defendants, jointly and severally, were responsible for creating and/or enforcing the procedures for all school district employees to request and obtain reasonable accommodations to their working environment that meets their individual physical or cognitive needs, which are protected by local, state and federal laws and regulations.

25. Defendants were aware of past incidents of handicapped employees of the district who have a diagnosed physical or cognitive condition that with reasonable accommodations can have an appropriate working environment.

FACTUAL ALLEGATIONS AS TO ALL PARTIES:

26. The Board of Education for the School District of Philadelphia and the Philadelphia Federation of Teachers entered into a contract entitled a Collective Bargaining Agreement (CBA) governing the terms and conditions of employment for the bargaining unit members, (the terms thereof are incorporated herein by reference), the within Plaintiffs, and are jointly and severally obligated to provide a safe work environment without reprisal and discrimination as its goal in providing a free appropriate public education.

27. On or about September 14, 2020, the Plaintiff Benjamin Litman, began full time employment with The School District of Philadelphia, in the Office of Student Enrollment and Placement.

28. Since September 2020, the Plaintiff Benjamin Litman has dutifully reported for work with the School District of Philadelphia, ready and able to provide all assigned duties with fidelity, which has continued at the time of filing this Complaint, and is thereby entitled to be compensated for said services, along with full benefits, in conformity with his terms of employment at the rate of compensation specified therein.

29. Plaintiff Benjamin Litman avers that from June 6, 2022, that as a direct and proximate result of the hostile work environment towards those with learning differences and/or handicaps and/or disabilities, the Defendants, jointly and severally engaged in a pattern of behavior and/or scheme to harass the Plaintiff, and all those similarly situated, by

Case ID: 231102809

creating and/or contributing to this hostile working culture, especially towards the Plaintiff Benjamin Litman, for being white, young, Jewish, and from the suburban area outside of the City of Philadelphia, caused by Deputy Ericka Washington and Director Lizette Egea-Hinton Including Placement Specialist Justin Thomas.

30. In June 2022, Defendant Deputy Chief Ericka Washington was placed in charge of the Office of Student Enrollment and Placement (OSEP).

31. In October 2022, Defendant Director Lizette Egea-Hinton was placed in Second in charge of the Office of Student Enrollment and Placement (OSEP).

32. In January 2023, Defendant Director Jay Muchemi was placed in charge of the operations of the Office of Student Enrollment and Placement (OSEP).

33. Defendants Ericka Washington, Lizette Egea-Hinton, and Jay Muchemi are jointly responsible for all conduct involving the Office of Student Enrollment and Placement (OSEP).

34. On June 23, 2022, without any notice to employees nor to the public, the Philadelphia Board of Education abolishes Board Policy 104, that provides for non-discrimination protections for all school district employees.

35. On June 23, 2022, without any notice to employees nor to the public, the Philadelphia Board of Education changes Board Policy 348, to include sexual harassment as a form of discrimination of employees.

36. On May 1, 2023, Attorney Colleen Osborne Investigative Report sent Placement Specialist Plaintiff Benjamin Litman her Investigative Report Summary.

37. On May 1, 2023, Director Lizette Egea-Hinton made defamatory statements about Placement Specialist Plaintiff Benjamin Litman to staff in the Office of Student

Enrollment and Placement and IT at a minimum. His Student Information System access was removed.

- o Director Lizette Egea-Hinton made the following claims about Placement Specialist Plaintiff Benjamin Litman without providing evidence:
  - He placed students at risk
  - He caused undue hardships

38. On May 1, 2023, Director Lizette Egea-Hinton makes Placement Specialist Plaintiff Benjamin Litman's job duties solely related to customer service tickets effective on 5/2/23. Director Lizette Egea-Hinton claims that Placement Specialist Plaintiff Benjamin Litman is a danger to the public, causes undue hardships, and is a risk to students. Placement Specialist Plaintiff Benjamin Litman was removed from access to the Student Information System and other tools essential to the job he was hired to perform.

39. On May 5, 2023 – May 10, 2023, Placement Specialist Plaintiff Benjamin Litman denies these claims as untrue and asks the PFT if they condone this conduct. Placement Specialist Plaintiff Benjamin Litman states that Director Lizette Egea-Hinton's defamation increases personal and organizational liabilities while also requesting the proof used to make these allegations. This request for proof was repeated on 5/8/23. No proof was ever provided. Deputy Chief Ericka Washington threatened Placement Specialist Plaintiff Benjamin Litman with disciplinary actions for requesting proof of their allegations made against him. Placement Specialist Plaintiff Benjamin Litman states that he is unable to directly complete the duty assigned to him because they removed his access to the work tools in order to do so.

Case ID: 231102809

40. On May 5, 2023, Defendant Dr. Watlington sent a The School Progress Report on Education and Equity (SPREE) for School Year 2021-22 to the everyone email address.

41. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman sends Defendant Superintendent Watlington and Defendant PFT his Contemporaneous Employee Letters of Attachment to Deputy Michelle Chapman and Attorney Colleen Osborne's Investigative Reports within 10 days of receipt. Since Deputy Michelle Chapman is involved in this matter, there are vacancies for Chief Talent Officer and Deputy Superintendent of Operations. The Superintendent is the next link in the chain of command.

   o  Placement Specialist Plaintiff Benjamin Litman made the following statements:

      ■ The Office of Labor Relations never denied his claims as substantively untrue.

      ■ He claimed protection under the following protective statuses:

         ● Whistleblower

         ● Disability

         ● Religion

         ● Race

         ● Age

   o  Placement Specialist Plaintiff Benjamin Litman reaffirms his commitment to rightful truth while questioning the credibility of the investigations conducted. He alludes to Attorney Colleen Osborne is running for judicial office while working for the School District of Philadelphia and presenting herself as an attorney in a legal role.

- Placement Specialist Plaintiff Benjamin Litman offers free resources to students to promote civics and expresses his desire to simply do his job well.

  - If the Office of Student Enrollment and Placement does not want him, Placement Specialist Plaintiff Benjamin Litman makes another request for a like-kind transfer. Placement Specialist Plaintiff Benjamin Litman states an overview of his positive points of differentiation that make him an asset to the School District of Philadelphia.

42. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman responded to Director Lizette Egea-Hinton's defamatory statements from 5/1/23.

   a. Placement Specialist Plaintiff Benjamin Litman made the following statements:

      i. The Office of Labor Relations never denied his claims as substantively untrue.

      ii. He claimed protection under the following protective statuses:

         1. Whistleblower

         2. Disability

         3. Religion

         4. Race

         5. Age

   b. Placement Specialist Plaintiff Benjamin Litman called upon the leadership of the PFT to take immediate action to protect its union members from conduct and treatment exhibited by the Office of Student Enrollment and Placement management.

c.  Placement Specialist Plaintiff Benjamin Litman called upon Deputy Ericka Washington and Director Lizette Egea-Hinton to provide evidence for their defamatory claims.

   i.  Which student placements are you citing?

   ii.  What risk are you referring to?

   iii.  What undue hardships are you referring to?

   iv.  What factual work productivity basis do you have for such drastic work systems access removal?

d.  Placement Specialist Plaintiff Benjamin Litman warned Deputy Ericka Washington and Director Lizette Egea-Hinton that the online registration request School District of Philadelphia in a position of high liability and every single person you spread these falsehoods to is now at risk from your untrue permanent school record.

e.  Placement Specialist Plaintiff Benjamin Litman notified all included in the email (Superintendent and PFT leadership) that his access to essential information and work tools was denied. No instructions were provided by Deputy Ericka Washington and Director Lizette Egea-Hinton regarding specific work for him.

f.  Placement Specialist Plaintiff Benjamin Litman reaffirms his dedication as a public servant who cares about students. He demands Deputy Ericka Washington and Director Lizette Egea-Hinton to clarify exactly their statements and identify supporting records. Furthermore, Placement Specialist Plaintiff Benjamin Litman demands that Deputy Ericka Washington and Director Lizette Egea-Hinton are to provide all evidence for their claims by COB 5/5/23. Otherwise, their damaging

defamatory statements will be considered withdrawn with prejudice. If evidence actually existed and was substantial enough to warrant their actions, multiple departments, personnel, and records would contain this evidence. It would be readily available as email attachments within seconds.

43. On May 5, 2023, Deputy Ericka Washington was out-of-the-office for at least this day.

44. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman did not receive a response to his emails from this date and he did not receive work instructions.

45. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman makes his initial records request via Employee Letters of Attachment to both Investigative Summary Reports dated April 26, 2023 and May 1, 2023 to Superintendent Watlington and Defendant PFT. No response received.

46. On May 8, 2023, Director Lizette Egea-Hinton scheduled her 1-1 Check-in Meeting with Placement Specialist Plaintiff Benjamin Litman scheduled 6/26.

47. On May 8, 2023, Director Lizette Egea-Hinton cancelled a team meeting from Placement Specialist Plaintiff Benjamin Litman's work-issued calendar.

48. On May 12, 2023, Chief Karyn Lynch sends Placement Specialist Plaintiff Benjamin Litman a defective Investigatory Hearing notice for a hearing scheduled for 5/22/23. Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment sent to PFT President Jerry Jordan and Superintendent Anthony Watlington were not included and presumed as destroyed. Placement Specialist Plaintiff Benjamin Litman requested a preparation meeting with his union representation. A preparation phone call between Placement Specialist Plaintiff Benjamin Litman and PFT Vice President Arlene Kempin took place from an extremely limited access phone number. Whereby Placement

Case ID: 231102809

Specialist Plaintiff Benjamin Litman had no access to call PFT Vice President Arlene Kempin directly.

49. From May 11, 2023 to June 2, 2023, The Office of Diverse Learners contacted Placement Specialist Plaintiff Benjamin Litman for support with an Emotional Support Placement. Placement Specialist Plaintiff Benjamin Litman informed the Office of Diverse Learners that he did not have access to the essential tools to assist them so the placement was referred to Director Lizette Egea-Hinton. Director Lizette Egea-Hinton in reaction blamed Placement Specialist Plaintiff Benjamin Litman for not resolving this placement. Director Lizette Egea-Hinton removed this work duty from Placement Specialist Plaintiff Benjamin Litman and did not assign a replacement nor did she provide a written workflow for handling these placements moving forward. When Placement Specialist Plaintiff Benjamin Litman asked who handles these placements, Director Lizette Egea-Hinton continued to blame Placement Specialist Plaintiff Benjamin Litman for the delay in placement. Placement Specialist Plaintiff Benjamin Litman responded that in communications with the Office of Diverse Learners they stated that they would seek alternative workflows to resolve their placements due to OSEP management and that no further action was required from him at this time. No response was given.

50. On May 15, 2023, Director Lizette Egea-Hinton scheduled her 1-1 Check-in Meeting with Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

Case ID: 231102809

51. On May 19, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

52. On May 22, 2023, Chief Karyn Lynch calls for an Investigative Hearing against Placement Specialist Plaintiff Benjamin Litman. No proof, records, or anything from the School District of Philadelphia Investigation was provided before or after this hearing. Placement Specialist Plaintiff Benjamin Litman's Employee Letters of Attachment were not attached to the investigative summary reports. Placement Specialist Plaintiff Benjamin Litman also experienced "The Blue Screen of Death" computer error and reported it to IT in order to work towards a resolution.

53. On May 22, 2023, Superintendent Anthony Watlington announces after regular work hours the hiring of Chief of Curriculum and Instruction Dr. Nyshawana Francis-Thompson and Deputy Superintendent or Talent, Strategy and Culture Jeremy Grant-Skinner.

54. On May 29, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman.

55. On May 30, 2023, Director Jay Muchemi scheduled an OSEP Staff Meeting. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

56. On May 31, 2023, Director Lizette Egea-Hinton authorizes Placement Specialist Plaintiff Benjamin Litman editor abilities to the OSEP Call Center (Customer Service Ticket Sheet.)

57. On May 31, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman forwarded this customer service ticket to the general email address School Select Test. School Select Test answered this inquiry and Director Lizette Egea-Hinton confirmed this resolution. Temp Christina Lugo asked Placement Specialist Plaintiff Benjamin Litman to resolve this inquiry to which he responded that he understood it to have already been resolved. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to contact the family again about this inquiry. Placement Specialist Plaintiff Benjamin Litman reiterated that in previous directives Deputy Ericka Washington and Director Lizette Egea-Hinton directed him not to work on any School Selection customer service tickets and to forward the ticket to the appropriate school selection general email address. Placement Specialist Plaintiff Benjamin Litman asked if this directive had changed. These confusion and conflicting directives caused by OSEP executives further necessitates the need for written instructions. Director Lizette Egea-Hinton responded with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterates that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access. Placement Specialist Plaintiff Benjamin Litman warned Director Lizette Egea-Hinton of consequences for

defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette Egea-Hinton escalated her harassment of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

58. From June 1, 2023 to June 2, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman referred Temp Christina Lugo to the general School Selection email address for this specific inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to answer this customer service ticket despite not being involved in the School Selection process. Placement Specialist Plaintiff Benjamin Litman responded using the OSEP general email address with a stock response. Director Lizette Egea-Hinton responded with a rule specifically only for Placement Specialist Plaintiff Benjamin Litman to reply using his direct School District of Philadelphia email address.

59. On June 2, 2023, Deputy Ericka Washington provides written clarification on her expectations for PTO vacation notices.

60. On June 2, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman contacted Director Lizette Egea-Hinton for

Case ID: 231102809

advisement due to the school climate safety nature of the inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to assist the family with identifying the appropriate program for the student. Placement Specialist Plaintiff Benjamin Litman reminded Director Lizette Egea-Hinton that she removed him from all enrollment and placement work duties. Furthermore, he asked who handles this work duty. Director Lizette Egea-Hinton demanded that Placement Specialist Plaintiff Benjamin Litman regurgitate the information on the School District of Philadelphia website to this family. When Placement Specialist Plaintiff Benjamin Litman observed that Director Lizette Egea-Hinton did not understand the concepts, work flows, and nuance of this particular matter, he responded by highlighting the potential disciplinary and mitigating circumstances involved in this case that require access to the Student Information Systems and Online Registration work tools that Director Lizette Egea-Hinton removed from him. No response was given.

61. From June 7, 2023 to June 8, 2023, Temp Kionne Grant sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket. Placement Specialist Plaintiff Benjamin Litman responded that he is unable to complete this safety enrollment and placement that involves student discipline and asks for advisement from Director Lizette Egea-Hinton. Director Lizette Egea-Hinton directs Temp Kionne Grant to contact the Director of Student Discipline Karly Pulcinella and sends to all OSEP workers an insult directed at Placement Specialist Plaintiff Benjamin Litman calling him lazy/ unwilling to work.

62. On June 12, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting and team meeting with Placement Specialist Plaintiff Benjamin Litman.

63. From June 12, 2023 to June 15, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with an Online Registration missing address without access to essential work tools. Director Lizette Egea-Hinton directs Placement Specialist Plaintiff Benjamin Litman to complete all the information relevant to this transfer request and give it to Temp Christina Lugo to complete. Placement Specialist Plaintiff Benjamin Litman sent a step-by-step instruction list to Temp Christina Lugo and Director Lizette Egea-Hinton to resolve this inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to follow-up with the family. However, he responded that no family contact information was provided in the customer service ticket. Director Lizette Egea-Hinton met this request with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterates that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access. Placement Specialist Plaintiff Benjamin Litman warned Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette Egea-Hinton escalated her harassment of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that

Case ID: 231102809

Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

64. From June 12, 2023 to June 15, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with a kindergarten enrollment without access to essential work tools and unclear OSEP webpage instructions. Director Lizette Egea-Hinton responded with "Benjamin, I think you have the knowledge, expertise and information to respond to this parent's inquiry." This response was received by Placement Specialist Plaintiff Benjamin Litman as demeaning, sarcastic, unprofessional given Director Lizette Egea-Hinton's removal of his essential work tools access, not addressing his questions in a meaningful way/ acknowledgement of any problems, and not fulfilling her obligation as a director to support her staff to do their jobs. Placement Specialist Plaintiff Benjamin Litman provided a bullet list of simple unclear unwritten instructions related to this work flow. Director Lizette Egea-Hinton met this request with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterates that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access. Placement Specialist Plaintiff Benjamin Litman warned Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette

Egea-Hinton escalated her harassment of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

65. On June 14, 2023, IT returns Placement Specialist Plaintiff Benjamin Litman's School District of Philadelphia work laptop to him.

66. On June 14, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with a transfer and an online registration requests without access to essential work tools. Director Lizette Egea-Hinton directs Placement Specialist Plaintiff Benjamin Litman to complete all the information relevant to this transfer request and give it to Temp Christina Lugo to complete. Placement Specialist Plaintiff Benjamin Litman responds to this family's transfer request from the OSEP general email address. No further responses were given. This exchange occurred twice with two customer service tickets.

67. From June 14, 2023 to June 20, 2023, Placement Specialist Plaintiff Benjamin Litman requested an update on the status of his grievances and like-kind transfer. Vice President Arlene Kempin blamed the School District of Philadelphia for blocking (later blaming Sheila Wallin) his like-kind transfer request and that his lost compensation grievance was

Case ID: 231102809

successful. Payroll had this lost compensation ready to payout. This response took several additional emails from Placement Specialist Plaintiff Benjamin Litman. No further response was received from the PFT.

68. From June 14, 2023 to June 23, 2023, Director Lizette Egea-Hinton sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Temp Christina Lugo included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with an IEP based special education placement request without access to essential work tools. Director Lizette Egea-Hinton referred Placement Specialist Plaintiff Benjamin Litman to inaccurate work tools and he informed Director Lizette Egea-Hinton about these inaccurate work tools. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to email the Office of Diverse Learners which he did. Case Manager Sarah Karpovich emailed Temp Kionne Grant about this case a week prior. Placement Specialist Plaintiff Benjamin Litman included the OSEP general email address for further assistance. Case Manager Sarah Karpovich and Director Lizette Egea-Hinton emailed back and forth about student record information of which Placement Specialist Plaintiff Benjamin Litman's access to was revoked. Director Lizette Egea-Hinton made a vague directive to have Placement Specialist Plaintiff Benjamin Litman communicate IEP-directive placements to the family. When he asked for clarification, Director Lizette Egea-Hinton berated him for asking the question. Case Manager Sarah Karpovich offered to communicate with this family and was refused to do so by Director Lizette Egea-Hinton. Placement Specialist Plaintiff Benjamin Litman requested access from Director Lizette Egea-Hinton to the Student Information System in order to complete this task. Director Lizette Egea-Hinton

Case ID: 231102809

mocked Placement Specialist Plaintiff Benjamin Litman for requesting access to essential work tools and completed the task herself rather than appropriately delegate.

69. From June 16, 2023 to June 22, 2023, Director Lizette Egea-Hinton was out of the office.

70. From June 16, 2023 to June 23, 2023, Director Lizette Egea-Hinton barred Placement Specialist Plaintiff Benjamin Litman from using the OSEP general email address in an email directive sent to him and Temp Christina Lugo. Placement Specialist Plaintiff Benjamin Litman responded by asking if this directive was disseminated office-wide or was sent only to him. Director Lizette Egea-Hinton did not reply with proof. Placement Specialist Plaintiff Benjamin Litman asked for written instructions for this newly changed work flow, restored access to essential work tools, and what is the new work flow for the OSEP general email address. Director Lizette Egea-Hinton did not reply with any answers to these questions. Placement Specialist Plaintiff Benjamin Litman repeated his questions and included a request for a copy of the alleged official directive disseminated to all OSEP workers. Director Lizette Egea-Hinton calls the OSEP general email address "not a work tool" and continues to refuse to answer Placement Specialist Plaintiff Benjamin Litman's questions while also retracting her claim of this being a directive to a correspondence. Placement Specialist Plaintiff Benjamin Litman questions the level of compliance of this communication and asks what is the classification of the OSEP general email address if it is not a work tool. Placement Specialist Plaintiff Benjamin Litman responds to the family's customer service ticket following the understood directed work flow and within the Superintendent's mandated timeline. Director Lizette Egea-Hinton blocks Placement Specialist Plaintiff Benjamin Litman from contacting the OSEP general email address. Placement Specialist Plaintiff Benjamin

Litman repeats his request for the written directive that Director Lizette Egea-Hinton claimed was disseminated office-wide. Director Lizette Egea-Hinton does not provide this written directive disseminated office-wide and does not respond further.

71. On June 26, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman.

72. On June 30, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

73. From July 5, 2023 to July 12, 2023, Placement Specialist Plaintiff Benjamin Litman requests an update on his still unresolved grievances dating back to October 2022 and informs the union that Temp Scabs are replacing college education required union jobs. No response was received so Placement Specialist Plaintiff Benjamin Litman followed-up with the PFT on July 10, 2023. Vice President Arlene Kempin confirmed no actions were taken after their filing. This statement was a complete reversal from Vice President Arlene Kempin stating that back pay would be compensated after Payroll completed processing it. Given the PFT's gross fabrication of grievance support, Placement Specialist Plaintiff Benjamin Litman contacted PFT President Jerry Jordan. President Jerry Jordan did not respond.

74. On July 6, 2023, Superintendent Anthony Watlington announces the hiring of Deputy Superintendent of Academic Services Dr. Jermaine Dawson.

75. On July 10, 2023, Director Lizette Egea-Hinton sends Placement Specialist Plaintiff Benjamin Litman a customer service ticket. Placement Specialist Plaintiff Benjamin

Case ID: 231102809

Litman responds to the family's customer service ticket following the understood directed work flow and within the Superintendent's mandated timeline. Director Lizette Egea-Hinton harasses Placement Specialist Plaintiff Benjamin Litman for not obeying her previous discriminatory orders meant only for him and now sends out an office-wide correspondence meant to harass, embarrass, and belittle Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman acknowledges receipt of this new work flow and repeats his request for restored access to essential work tools. No response was provided. This email exchange occurred twice.

76. On July 11, 2023, The School District of Philadelphia's computer network crashed for the work day.

77. On July 12, 2023, through to July 14, 2023, Director Lizette Egea-Hinton sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with newly hired former temp Christina Lugo included. Placement Specialist Plaintiff Benjamin Litman followed-up with the family following the last written work flow that stated Christina Lugo manages the OSEP general email address. Placement Specialist Plaintiff Benjamin Litman referred to Christina Lugo as the staff member who will follow-up. Director Lizette Egea-Hinton harassed Placement Specialist Plaintiff Benjamin Litman for not following an uncommunicated and unwritten work flow. Placement Specialist Plaintiff Benjamin Litman requested restored access to essential work tools in order to meet Director Lizette Egea-Hinton's request. Director Lizette Egea-Hinton ignores this request for restored access to essential work tools and further harasses Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman tactfully communicates everything in this email thread to the family, PFT, and others while

attaching the relevant School Board policy. This email thread is repeated on four email threads for four different customer service tickets. This included one customer service ticket in which Director Lizette Egea-Hinton harassed Placement Specialist Plaintiff Benjamin Litman for contacting the Student Health general email address about a family's immunization question. Director Lizette Egea-Hinton stated that Placement Specialist Plaintiff Benjamin Litman has "all of the necessary tools and information to respond." Student Health later responded to the family's inquiry.

78. On July 13, 2023, Director Lizette Egea-Hinton was out-of-the-office for the work day.

79. From July 13, 2023 to July 14, 2023, PFT Vice President Arlene Kempin contacted Placement Specialist Plaintiff Benjamin Litman to confirm if the School District of Philadelphia offered him a transfer and that he declined this offer. This offer story is completely fabricated, false, untrue, and a lie. No position was ever offered to Placement Specialist Plaintiff Benjamin Litman for a transfer.

80. On July 14, 2023, Sheila Wallin sends a defective SEH-204 Hearing Notice to Placement Specialist Plaintiff Benjamin Litman without any supporting documentation to substantiate the conclusionary documents as demanded according to the PFT CBA. No virtual or in-person attendance information was provided. Placement Specialist Plaintiff Benjamin Litman immediately urgently contacted the PFT. The PFT provided no support on this date from any staff member to a dues paying union member.

81. On July 19, 2023, Sheila Wallin sent a Zoom link for the Hearing that was not previously provided by her on 7/14/23. Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment were not included in the School District of Philadelphia's records for this case and appear to have been destroyed. Meeting notes made separately.

Case ID: 231102809

Placement Specialist Plaintiff Benjamin Litman asked Chief Karyn Lynch directly "Is it true that you are blocking my like-kind transfer?" and Chief Karyn Lynch said nothing and stared at Placement Specialist Plaintiff Benjamin Litman.

82. On July 21, 2023, Placement Specialist Plaintiff Benjamin Litman provides a written response to the alleged hearing of July 19, 2023.

83. On July 24, 2023, after work hours on this Monday, Director Lizette Egea-Hinton revokes Placement Specialist Plaintiff Benjamin Litman's single day of PTO for the summer of 2023. This PTO day is Placement Specialist Plaintiff Benjamin Litman's birthday. This PTO day repeal occurred within about one business day of Placement Specialist Plaintiff Benjamin Litman's written response to the hearing held on 7/19/23.

84. On July 25, 2023, Placement Specialist Plaintiff Benjamin Litman emails School District of Philadelphia and PFT Union executives among others about this apparent malicious retaliatory act of ill will by Director Lizette Egea-Hinton. Director Lizette Egea-Hinton approved this birthday PTO on 4/27/23 and rescinded it in less than 24 hours. Placement Specialist Plaintiff Benjamin Litman questioned the PFT's protection of membership and the allowance for union members to be subjected to these work environments. Vice President Arlene Kempin responds saying that this PTO repeal decision be reversed and later stated that the birthday PTO is still approved. Placement Specialist Plaintiff Benjamin Litman states that Director Lizette Egea-Hinton removed his access to the essential work tools such as Student Information Systems, Online Registration, and School Selection. Placement Specialist Plaintiff Benjamin Litman asks what work does Director Lizette Egea-Hinton expect him to complete tomorrow-only.

85. Vice President Arlene Kempin then attempts to shield Director Lizette Egea-Hinton from the consequences of her actions and cover-up her clear personal attack against Placement Specialist Plaintiff Benjamin Litman. The PTO day was labeled in Director Lizette Egea-Hinton's School District of Philadelphia-issued calendar as "Benjamin Litman Birthday PTO." Placement Specialist Plaintiff Benjamin Litman emails Director Lizette Egea-Hinton directly with union representation included to get a direct response to the PTO repeal or approval from her as his direct supervisor. Director Lizette Egea-Hinton did not respond. Placement Specialist Plaintiff Benjamin Litman emailed the School District of Philadelphia Director of Payroll Eileen Pelzer to confirm that the SEH-86 PTO form was submitted to her office.

86. On July 26, 2023, Director Eileen Pelzer confirmed that this form is processed through the employee's department. Placement Specialist Plaintiff Benjamin Litman calls Director Lizette Egea-Hinton's direct office phone and she did not answer the call. Placement Specialist Plaintiff Benjamin Litman follows-up with an email to Directors Lizette Egea-Hinton, Eileen Pelzer, and union executives to confirm Director Lizette Ega-Hinton caused this birthday PTO problem and never confirmed its resolution. So, the birthday PTO will remain honored as originally noted on 4/27/23. Placement Specialist Plaintiff Benjamin Litman took his PTO for his birthday without further disruption.

87. On July 27, 2023, Placement Specialist Plaintiff Benjamin Litman followed-up with union executives to again ask for updates on his grievances and the hearing held on 7/19/23. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. Placement Specialist

Plaintiff Benjamin Litman explicitly remarks on Director Lizette Egea-Hinton's clear harassment and unprofessionalism.

88. On July 28, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

89. From July 28, 2023, to July 31, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket on 4/24/23. Placement Specialist Plaintiff Benjamin Litman responded to this customer service ticket within one business day and it was resolved on April 27, 2023. The family contacted Placement Specialist Plaintiff Benjamin Litman on July 28, 2023 with questions regarding the 23-24 School Year Baldi overcrowding catchment. Placement Specialist Plaintiff Benjamin Litman forwarded this customer service ticket to Director Lizette Egea-Hinton with another request for restored access to essential work tools in order to resolve this new inquiry from this family. Placement Specialist Plaintiff Benjamin Litman received an out-of-office email from Director Lizette Egea-Hinton so he followed-up with her Secretary Deborah Moore on the restored essential work tools access and who should handle this ticket in Director Lizette Egea-Hinton's absence if it could not wait until her return. Secretary Deborah Moore did not respond.

90. On July 31, 2023, The School District of Philadelphia posted an opening for a Director of Employee Labor Relations.

91. On August 2, 2023, Placement Specialist Plaintiff Benjamin Litman sends a third update request to the PFT on his unresolved grievances dating to October 2022, like-kind

transfer request, and resolution to the latest hearing held on July 19, 2023. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. PFT Vice President Arlene Kempin responded by confirming that she is not doing her job and fulfilling her fiduciary obligations as a union executive. Vice President Arlene Kempin has taken no actions at all on behalf of dues paying union member Placement Specialist Plaintiff Benjamin Litman.

92. On August 3, 2023, Superintendent Anthony Watlington announced the 2023-2024 School Selection process dates and changes.

93. On August 9, 2023, Placement Specialist Plaintiff Benjamin Litman receives a defective hearing notice from Sheila Wallin and reports it to Superintendent Anthony Watlington and union executives the same day. Placement Specialist expands on the railroading of this hearing process in an email. Placement Specialist Plaintiff Benjamin Litman sends an urgent fourth update request to the PFT about his grievances, like-kind transfer, and this hearing process. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. Placement Specialist Plaintiff Benjamin Litman also raises concerns about union oligarchy, apathy, and corruption citing Dr. Robert Putnam. Vice President Arlene Kempin allows for the School District of Philadelphia to continue this hearing process in explicit violation of the PFT CBA. Placement Specialist Plaintiff Benjamin Litman sends an urgent fifth update request to the PFT about his grievances, like-kind transfer, and this hearing process. These grievances date back to October 2022. Placement Specialist Plaintiff Benjamin Litman questions Vice President Arlene Kempin good faith

representation for failing to answer these simple questions and how the School District of Philadelphia can swiftly move forward with their accusations but the PFT cannot with member grievances.

94. From August 11, 2023 to August 15, 2023, Placement Specialist Plaintiff Benjamin Litman sends an urgent sixth update request to the PFT about his grievances, like-kind transfer, and this hearing process. These grievances date back to October 2022. Vice President Arlene Kempin mentions a Reasonable Accommodation form for the first-time. When Placement Specialist Plaintiff Benjamin Litman requested that Vice President Arlene Kempin send him this form. Vice President Arlene Kempin balks and refers him to the website and to go to the Office of Accommodations in-person. Placement Specialist Plaintiff Benjamin Litman finds Reasonable Accommodation forms that are attached to School Board policy 104. School Board policy 104 was eliminated by School Board action and nothing was put into effect as its replacement. Placement Specialist Plaintiff Benjamin Litman raises the questions and concerns about how this unsupported by School Board policy form was never presented or mentioned to him in all the months that he has requested the reasonable accommodation for written instructions. Vice President Arlene Kempin called Placement Plaintiff Benjamin Litman to angrily yell at him for asking her to work, do her job, and support union members with what should be a very simple request. Attach a valid form for a Reasonable Accommodation request in an email. Vice President Arlene Kempin berated Placement Specialist Plaintiff Benjamin Litman for not accepting an outdated form connected to a repealed School Board policy.

95. 8/14/23: Office of Diverse Learners Case Manager Rachel Szychulski contacted Placement Specialist Plaintiff Benjamin Litman about an Upper Level Transfer

Case ID: 231102809

placement. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff Benjamin Litman received no further communications about this case except for notice of a phone call between Director Lizette Ega-Hinton and Office of Diverse Learners Director Tanya Bradley Watson. A second similar exchange occurred on the same day for an Autism Support case.

96. 8/15/23-8/17/23: Dr. Karen Kolsky informs Placement Specialist Plaintiff Benjamin Litman that the School District of Philadelphia has escalated hearing process against him to a Second Level hearing. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. This absence of discovery is in direct violation to the PFT CBA. Dr. Karen Kolsky also misspelled Placement Specialist Plaintiff Benjamin Litman's name as "Benjamin Littman." Thereby documenting several ways in which this hearing notice was defective and that Dr. Karen Kolsky is not familiar with this case. Dr. Karen Kolsky is a doctor of education and is also not an employment law professional. Placement Specialist Plaintiff Benjamin Litman informs Vice President Arlene Kempin about this defective notice. Placement Specialist Plaintiff Benjamin Litman informs Dr. Karen Kolsky about this defective notice and misspelling of his name. Vice President Arlene Kempin responds without answering any urgently and immediately relevant questions. Placement Specialist Plaintiff Benjamin Litman responds to union executives and others about the PFT CBA violations and no Reasonable Accommodation request form and procedure being produced. Vice Arlene Kempin sends Placement Specialist Plaintiff Benjamin Litman to

Records Manager Matthew Rambo. Placement Specialist Plaintiff Benjamin Litman followed-up directly with Vice President Arlene Kempin that she could not find this Reasonable Accommodation request form which should be a simple attachment to send. Placement Specialist Plaintiff Benjamin Litman also noted that Deputy Michelle Chapman also failed to produce this form to Placement Specialist Plaintiff Benjamin Litman months ago and that Vice President Arlene Kempin has avoided answering PFT CBA violation questions. Dr. Karen Kolsky sends a spelling corrected Second Level Hearing notice but still failed to attach any discovery. Records Manager Matthew Rambo sends Placement Specialist Plaintiff Benjamin Litman the repealed Reasonable Accommodation request form under School Board Policy 104. Placement Specialist Plaintiff Benjamin Litman responds including Superintendent Anthony Watlington, union executives, and others to repeat his request for a current School Board approved Reasonable Accommodation request form by COB. Records Manager Matthew Rambo transfers Placement Specialist Plaintiff Benjamin Litman to Director of Human Resources Burnett Coke. Director Burnett Coke refers Placement Specialist Plaintiff Benjamin Litman back to the Office of Accommodations with a Reasonable Accommodation request form that has been altered only for him to remove all mention of School Board repealed Policy 104. Placement Specialist Plaintiff Benjamin Litman sends an email documenting a partial summary to some of the immediate issues escalated in this three-business day window. Placement Specialist Plaintiff Benjamin Litman emailed PFT President Jerry Jordan because no PFT union representation has contacted him for Second Level Hearing preparation and PFT CBA violations. Vice President Arlene Kempin gives a non-PFT CBA-compliant answer to the disciplinary hearing process.

Vice President Arlene Kempin also further confirms her not in good faith union representation by trying to justify blocking union member like-kind transfers and stating that a transfer form was also required. This email is the first-time Vice President Arlene Kempin mentioned any paperwork requirements to receiving a like-kind transfer. Placement Specialist Plaintiff Benjamin Litman notes that the PFT is not defending union members and union jobs. PFT President Jerry Jordan will not meet with him to prepare for this hearing so the PFT has waived its representative seat and Placement Specialist Plaintiff Benjamin Litman intends to bring legal representation to the hearing on 8/21/23. Placement Specialist Plaintiff Benjamin Litman sends an email documenting a partial summary to some of the immediate issues escalated in this three-business day window.

97. 8/16/23: Rhawnhurst Secretary Leslie Stones contacted Placement Specialist Plaintiff Benjamin Litman about a Kindergarten overcrowding placements and waitlist. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff Benjamin Litman received a bounced back email from Placement Specialist Theresea Samuel's email address. He was later informed that Theresea Samuel retired and that he was excluded from all knowledge, communication, and celebration about her retirement. A second similar exchange occurred on the same day for a Renaissance Charter School reassignment from Penn Treaty Secretary Francis Aponte.

98. 8/14/23-9/15/23: Director Jay Muchemi informed staff of this blackout period for all paid time off (PTO) requests.

Case ID: 231102809

99. 8/18/23: In the absence of a School Board approved policy and procedure for ADA-compliant Reasonable Accommodation requests, Placement Specialist Plaintiff Benjamin Litman submits his own Reasonable Accommodation Request Letter that is retroactively dated to his start-date.

100.     8/21/23: Dr. Karen Kolsky sent a defective Zoom link for this Hearing. Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment were not included in the School District of Philadelphia's records for this case and appear to have been destroyed. Meeting notes made separately. Sheila Wallin left this hearing early. All other participants did not come prepared with facts, evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate their position, other than Placement Specialist Plaintiff Benjamin Litman and his team. The School District of Philadelphia participants were not aware of any Reasonable Accommodation request form and did not confer with HR prior to this hearing.

101.     8/22/23: The School District of Philadelphia announces a training on: Harassment & Discrimination of Students.

102.     8/24/23: Director Jay Muchemi removed Placement Specialist Plaintiff Benjamin Litman from the 2023 School Opening Logistics and Coverage meeting. Director Jay Muchemi confirmed that she accidently sent this meeting notice to Placement Specialist Plaintiff Benjamin Litman and that the executives in the Office of Student Enrollment and Placement are actively and intentionally barring Placement Specialist Plaintiff Benjamin Litman from participation in department meetings, trainings, etc.. When Placement Specialist Plaintiff Benjamin Litman questioned these intentional actions to exclude and alienate him. He asked who ordered these actions and made it clear that all

work performance questions about Placement Specialist Plaintiff Benjamin Litman are a reflection on the OSEP executives.

103.  8/24/23-8/25/23: Placement Specialist Plaintiff Benjamin Litman's employee portal crashed. An IT service ticket was submitted and resolved.

104.  8/29/23: Office of Diverse Learners Case Manager Sarah Karpovich contacted Placement Specialist Plaintiff Benjamin Litman about a student placement history. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff Benjamin Litman received no further communications about this case.

105.  8/29/23: Dr. Karen Kolsky without any provision of proof suspends Placement Specialist Plaintiff Benjamin Litman without pay and recommends termination of employment.

106.  Since August 9, 2023, until demanded by Defendants to discontinue Plaintiff has submitted continuing daily check in and requests for all supporting records of their retaliation investigation and his request for reasonable accommodations, by the official email system to several School District of Philadelphia executives, relevant offices (including the Office of Accommodations,) attorneys, and union executives, in furtherance of his union grievances.

107.  9/5/23: Superintendent Anthony Watlington announces a new vision for the School District of Philadelphia that does not match the actions against Placement Specialist Plaintiff Benjamin Litman.

108.     9/7/23: Deputy Michelle Chapman recommends that Placement Specialist Plaintiff Benjamin Litman's employment become an attorney-directed matter. This message was repeated on 9/13/23.

109.     9/17/23: Ronak Chokshi from the Office of General Counsel introduces himself as the attorney representing the School District of Philadelphia.

110.     9/29/23: Director Lizette Egea-Hinton revoked Placement Specialist Plaintiff Benjamin Litman's attendance for the OSEP Staff Meeting.

111.     10/1/23: Deputy Michelle Chapman repeats her recommendation that Placement Specialist Plaintiff Benjamin Litman's employment become an attorney-directed matter. Deputy Michelle Chapman also falsely accuses Placement Specialist Plaintiff Benjamin Litman of not making a Reasonable Accommodation request to the Office of Accommodations. The Office of Accommodations has been included in Placement Specialist Plaintiff Benjamin Litman's daily workday emails. Deputy Michelle Chapman repeated this message on 10/2/23 and directed Placement Specialist Plaintiff Benjamin Litman to contact Director of Human Resources Burnett Coke.

112.     10/2/23: Director of Human Resources Burnett Coke falsely claims that Placement Specialist Plaintiff Benjamin Litman never contacted the Office of Accommodations.

113.     10/10/23: The School District of Philadelphia Office of Communications announces a shirt sale through Hog Island Press for Director Colleen Landy-Thomas' department. This shirt sale promotion was repeated on 10/17/23. Placement Specialist Plaintiff Benjamin Litman questions the relationship between Hog Island Press, Director Colleen Landy-Thomas, and her husband Placement Specialist Justin Thomas.

114.     10/18/23-11/1/23: Director Jay Muchemi informs Placement Specialist Plaintiff Benjamin Litman that Suite 111 underwent a work station rearrangement and that she allegedly has his possessions locked away in her storage. Director Jay Muchemi appears to be unaware that Placement Specialist Plaintiff Benjamin Litman previously removed all his possessions when he was sent to work remotely full-time. Placement Specialist Plaintiff Benjamin Litman asks about where his new cubicle work station is located and for an inventory of the items that she collected from his previous work station. Placement Specialist Plaintiff Benjamin Litman feared that underhanded tactics were in play and that defamatory items were placed in his former work station to attack and further defame his professionalism and character. Director Jay Muchemi did not respond. Assistant General Counsel Kristen Junod responded and stated that Placement Specialist Plaintiff Benjamin Litman's possessions were now in the hands of the Central Administration Educational Center security station. Director Jay Muchemi sent Placement Specialist Plaintiff Benjamin Litman an automated email stated slower response times in violation of Superintendent Anthony Watlington's directive and leading to the belief that the Office of Student Enrollment and Placement (OSEP) is short-handed. Placement Specialist Plaintiff Benjamin Litman is deeply unsettled that he as the most productive employee in that department has been removed from all work when the department and School District of Philadelphia are clearly in disparate need of talented skilled knowledgeable assistance.

115.     10/24/23: Prevention and Intervention Deputy Jayme Banks sends an anti-harassment and discrimination message stating the School District of Philadelphia's commitment towards inclusivity.

116.    10/27/23: Director Lizette Egea-Hinton revoked Placement Specialist Plaintiff Benjamin Litman's attendance for the OSEP Staff Meeting.

117.    10/30/23: General Counsel Lynn Rauch is out-of-the-office for "a couple of days."

118.    11/2/23-11/6/23: Attorney Kristen Junod is out-of-the-office on the last weekend before election day and the last major GOTV (Get Out The Vote) push.

119.    11/3/23: Deputy Michelle Chapman is out-of-the-office on the last weekend before election day and the last major GOTV (Get Out The Vote) push.

120.    11/10/23: Attorney Rudolph Garcia announces he is the School Board arbitrator over Placement Specialist Plaintiff Benjamin Litman's employment case. Placement Specialist Plaintiff Benjamin Litman chose to have a public hearing before the School Board. This act further deprives Plaintiff Benjamin Litman of his due process rights and ignores his chosen appellate process as outlined in the PFT CBA. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. Rudolph Garcia refuses to provide written confirmation that the School Board duly appointed him as their surrogate, and does not provide a copy of any board resolution or letter disclosing his relationship with the School District of Philadelphia and his qualifications.

121.    11/17/23: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

122.     12/22/23: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

123.     1/19/24: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

124.     1/23/24: Director Lizette Egea-Hinton scheduled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman confirms virtual attendance. No virtual attendance link was provided.

125.     2/10/24: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

126.     To date, the Plaintiff Benjamin Litman has not received any notification nor message from the district that he is no longer employed by the school district, and he continues to report for duty and receive electronic communications with the district e-mail system, and be able to participate in district communications and training services.

127.     On December 26, 2023, Plaintiffs directed discovery to all defendants.

128.     Plaintiffs have a pending motion for pre-complaint discovery filed on November 29, 2023.

129.     Defendants demand that the Plaintiffs file the instant complaint, rather than await the Court ruling upon said motion aforesaid, and to cause humiliation, shame, and distrust of the public of the School District of Philadelphia, and its Superintendent, General

Counsel, School Board, the leadership of the PFT, and all the named Defendants, especially those working at the Office of Student Enrollment and Placement (OSEP).

130.     Plaintiff avers that the Defendants operate, individually and in collusion to hide their abuse of power and of their official duties, which code of conduct is embedded into the culture at the School District of Philadelphia that condones and permits the misuse of a government position for personal gain or pecuniary objectives.

131.     The Defendants, jointly and individually, acted to protect this culture of public corruption by forcing the immediate suspension without pay and benefits with intent to terminate any and all school district staff who threaten to expose to the public the collapse of lawful administration of the city's public school system.


COUNT 1 – WHISTLEBLOWER PROTECTION ACT

132.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

133.     Pennsylvania's 'Whistleblower' Law protects state and local government employees, and employees of other publicly funded groups, from retaliation resulting from good faith reports, including to OSIG, of waste, fraud, and abuse. See, 43 P.S. 1421-1428.

134.     Specifically, the statute provides:

"(a) Persons not to be discharged – No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally

Case ID: 231102809

or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

(b) Discrimination prohibited – No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee is requested by an appropriate authority to participate in an investigation, hearing or inquiry held by an appropriate authority or in a court action." 43 P.S. 1423.

130. Beginning in January 2023, the Plaintiffs sought documents from SCHOOL DISTRICT OF PHILADELPHIA under the Right to Know Law, for the records of defendants Moore, Thomas, Egea-Hinton, and Washington, indicating that they sought in advance and was approved to hold outside employment that is in direct conflict with their official duties to the school district.

131. Defendant Chapman replied to the right to know request by admitting no such records exist, as the Code of Conduct that applies to all employees, and is the sole basis for the fabricated claims against the Plaintiff Benjamin Litman, does not apply to the employees' names at the Office of Student Enrollment and Placement (OSEP), since the code of conduct only applies to teachers, and no such official is assigned to receive such a request since 2015.

132. As the Plaintiff sought to compel the production of documents to indicate the aforesaid Defendants had not violated the Code of Conduct, the Defendants began to initiate retaliatory actions designed to place the Plaintiff Benjamin Litman's employment in jeopardy, by means of fabricating false and misleading claims placing the Plaintiff into a false light.

133. Plaintiff Benjamin Litman commenced requests to the Office of the General Counsel and the Office of the Inspector General for the school district to receive protections as a

Case ID: 231102809

whistleblower for exposing corruption inside the Office of Student Enrollment and Placement (OSEP).

134.    Upon belief, Plaintiff's complaint was unofficially disclosed to the same individuals who subsequently contrived a false accusation against the Plaintiff.

135. Defendants, jointly and severally, acted in concert, combination and conspiracy to engage in a fraudulent scheme designed to terminate the employment of the Plaintiff Benjamin Litman, by use of false and defamatory allegations that are kept undisclosed to the Plaintiff Benjamin Litman, yet are the sole basis for suspending the Plaintiff Benjamin Litman from receiving pay and benefits while unlawful actions to constructively terminate the Plaintiff's employment continue, with the objective to terminate school district employees that report public corruption and improper influence on district staff in the due performance of their job.

136. As a direct and proximate result of the actions, jointly and severally, of the Defendants, the Plaintiffs have been caused to suffer damages, loss of income, loss of benefits, reputation for being a fit employee, career advancement, and loss of economic horizons.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs,

and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

COUNT 2 – DENIAL OF ACCOMMODATIONS UNDER
THE AMERICANS WITH DISABILITY ACT

137.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

138.    Title I of the Americans with Disabilities Act of 1990 (the "ADA")  42 U.S.C. §§ 12101-12117, 12201-12213 (1994) (codified as amended), requires an employer, employment agencies, labor organizations, and joint labor-management committees to provide reasonable accommodations. See 42 U.S.C. § 12112(a), (b)(5)(A) (1994). To provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship. "In general, an accommodation is any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. pt. 1630 app. § 1630.2(o) (1997).

139.  There are three categories of "reasonable accommodations":

"(i) modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

(ii) modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or

(iii) modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(i-iii) (1997).

140. ADA disabilities include both mental and physical medical conditions.

141. The ADA requires employers to provide reasonable accommodations to individuals with disabilities, including reassignment, even though they are not available to others. Therefore, an employer who does not normally transfer employees would still have to reassign an employee with a disability, unless it could show that the reassignment caused an undue hardship. And, if an employer has a policy prohibiting transfers, it would have to modify that policy in order to reassign an employee with a disability, unless it could show undue hardship.

142.    The duty to provide reasonable accommodation is a fundamental statutory requirement because of the nature of discrimination faced by individuals with disabilities. Although many individuals with disabilities can apply for and perform jobs without any reasonable accommodations, there are workplace barriers that keep others from performing jobs which they could do with some form of accommodation. These barriers may be physical obstacles (such as inaccessible facilities or equipment), or they may be procedures or rules (such as rules concerning when work is performed, when breaks are taken, or how essential or marginal

functions are performed). Reasonable accommodation removes workplace barriers for individuals with disabilities.

143.   Defendants were aware at all times material hereto that the Plaintiff Benjamin Litman was seeking reasonable accommodation for his disabilities, and that his requested accommodation was the supplying of written instructions or guidelines for the enrollment, placement, and registration of students in the school district, due to the introduction by the Defendant Lizzette Egea-Hinton and Defendant Ericka Washington of contradictory oral modifications of the procedures the Plaintiff had been provided upon being trained for their employment with the school district.

144.   There are a number of possible reasonable accommodations that an employer may have to provide in connection with modifications to the work environment or adjustments in how and when a job is performed. These include:

- making existing facilities accessible;

- job restructuring;

- part-time or modified work schedules;

- acquiring or modifying equipment;

- changing tests, training materials, or policies;

- providing qualified readers or interpreters; and

- reassignment to a vacant position.

Case ID: 231102809

145. A modification or adjustment is "reasonable" if it "seems reasonable on its face, i.e., ordinarily or in the run of cases;" this means it is "reasonable" if it appears to be "feasible" or "plausible."

146. An accommodation also must be effective in meeting the needs of the individual. In the context of job performance, this means that a reasonable accommodation enables the individual to perform the essential functions of the position. Similarly, a reasonable accommodation enables an applicant with a disability to have an equal opportunity to participate in the application process and to be considered for a job. Finally, a reasonable accommodation allows an employee with a disability an equal opportunity to enjoy the benefits and privileges of employment that employees without disabilities enjoy.

147. The School District of Philadelphia (SD) was at all times material hereto required to provide reasonable accommodations to the Plaintiff Benjamin Litman, and all employees with disabilities.

148. Defendants, jointly and severally, denied the Plaintiff Benjamin Litman any and all reasonable accommodations, especially the requested accommodation of written instructions or guidelines.

149.   It is believed, and therefore averred, that the motivation of the Defendants to hide from public knowledge that they are engaging in the handling of student registration, enrollment, and placement within the School District of Philadelphia for personal financial or other pecuniary gain.

150.   To date, the Defendants have not provided the Plaintiffs any reasonable accommodations nor any effective accommodations whatsoever.

151.   The defendants repeal or rescission of Board Policy 104 was intended to deprive all district employees from having a process for requesting reasonable accommodations for employees having a disability, and none was adopted in its stead to this date.

152.   As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of safety in the workplace for those with disabilities.

153.   As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of protection under the ADA.

154.   As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of procedure for employees to request reasonable accommodations for those with disabilities.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs, and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due

Case ID: 231102809

boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

COUNT 3 – DEFAMATION

155.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

156.   Defendants communicated false statements purporting to be fact of and concerning the Plaintiff Benjamin Litman, to third parties.

157.   All false and incorrect statements and electronic communications about the Plaintiff Benjamin Litman were published or communicated to a third persons.

158.   All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

159.   As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or some harm caused to his reputation as the person or entity who is the subject of the statement.

160.   All said statements were understood as being of and concerning the plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts of defamation against the Plaintiff and enjoin the Defendants from conducting discipline and/or termination proceedings based on hearsay and without having provided a full

and fair hearing allowing for the subject employee to confront all evidence and witnesses, with due process and equal protection, and for such other relief as the court deems just and proper.

COUNT 4 – FRAUD

161.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

162.    The PFT collects dues from the Plaintiffs in exchange for the Defendant PFT, its agents, servants and employees to provide competent and effective advocacy in the event said employee members are accused of impropriety.

162.    The Plaintiff Benjamin Litman never signed any document nor any authorization to the SCHOOL DISTRICT OF PHILADELPHIA to deduct payments for the PFT for the union health plan or otherwise.

163.    Due to the actions or omission to act by the PFT, within OSEP non-union outside staff was employed who did not satisfy the minimum standards for performing the duties they were assigned particularly those of a placement specialist, such as Plaintiff Benjamin Litman.

164.    The SCHOOL DISTRICT OF PHILADELPHIA improperly deducted from the Plaintiff Benjamin Litman's pay since September 2020, money paid to the PFT.

165.    The PFT defrauded the Plaintiffs by falsely representing the competence and effectiveness of the Defendant Arlene Kempin, whom the PFT assigned as the sole person they employee for serving its membership at the central office in the advocacy role.

166.    As a direct and proximate result of the fraud and misleading the members of the PFT, the Plaintiffs herein, the Plaintiffs have been caused to sustain damages, which include all dues payments collected since the commencement of the current CBA.

Case ID: 231102809

WHEREFORE, Plaintiffs prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts of fraud to extract money from the plaintiffs under the guise of helping to create a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from making further fraudulent claims that payment of dues to the union provides the union member with competent and zealous advocacy for the Plaintiffs, and for the PFT, its agents servants and employees, to vigorously contest claims and allegations against all permanent full time employees subjected to discipline and/or termination of employment based on hearsay and without a full and fair hearing that allows for the employee to confront all evidence and witnesses, with the protection of due process and equal protection, and for such other relief as the court deems just and proper.


COUNT 5 – WRONGFUL TERMINATION


167.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

168.    Plaintiff Benjamin Litman until the Defendants initiated their scheme or plan to wrongfully discharge the Plaintiff was the employee with the most or highest amount regularly of student enrollments and/or placements.

169.    Due to the high level of productivity and efficiency of the Plaintiff Benjamin Litman, the Defendants Muchemi, Thomas, Moore, Egea-Hinton, and Washington were comparatively

Case ID: 231102809

revealed to be far below acceptable task completion rates, thereby causing all said Defendants to resent and dislike the Plaintiff Benjamin Litman for his honesty and good work.

170.   All Defendants who alleged the Plaintiff Benjamin Litman acted in violation of the code of conduct were the same employees that had been the subject of the Plaintiffs' right to know request.

171.   Defendants asserted the code of conduct does not apply to their actions, although they assert the code of conduct applies to their co-worker, the Plaintiff Benjamin Litman.

172.   The Defendants. jointly and severally, retaliated against the Plaintiff Benjamin Litman by fabricating false and malicious statements intended to lead to his termination of employment, to avoid the public awareness and distain for their public corruption and misuse of official duties for personal interests or personal financial gain or remuneration.

173.   Defendants, jointly and severally, have reassigned Plaintiff Benjamin Litman to work remotely, and then began to eliminate the computer connectivity of his work station with the School District, including eliminating access to the portal and/or data base for student enrollment and placement determinations, especially school enrollment figures and available classrooms for all district school properties.

174.   These actions by the Defendants, jointly and severally, have made the working conditions for the Plaintiff Benjamin Litman so intolerable that he can no longer work for the employer, school district.

175.   The working environment was so unusually adverse that a reasonable employee in their position would have felt compelled to resign.

176.    The defendants, jointly and severally, either intended to force such resignation by the Plaintiff or had actual knowledge of the intolerable working conditions.

177.    The defendants, jointly and severally, have wrongfully engaged in a scheme or plan to wrongfully terminate the Plaintiff Benjamin Litman, from his employment with the SCHOOL DISTRICT OF PHILADELPHIA.

178.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

179.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or some harm caused to his reputation as the person or entity who is the subject of the statement.

180.    All said statements were understood as being of and concerning the plaintiff.


WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and restore the Plaintiff to their position with all back pay and benefits, and for such other relief as the court deems just and proper.


COUNT 6 – BREACH OF CONTRACT

181.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Case ID: 231102809

182.    Under the CBA, both the SCHOOL DISTRICT OF PHILADELPHIA and PFT are contracted to collaborate to promote a safe and appropriate work environment for all employees of the SCHOOL DISTRICT OF PHILADELPHIA, subject to the CBA.

183.    The Defendants, jointly and severally, have breached said contract, by promoting hate in the workplace at the SCHOOL DISTRICT OF PHILADELPHIA, and by creating a hostile work environment for all employees with disabilities or handicaps who require reasonable accommodations to perform their typical work duties.

184.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

185.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or loss of economic opportunities, which include loss of pay through vesting with pension, vacation time, paid time off, and other benefits, the value of said pension, and career opportunities for advancement.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and for such other relief as the court deems just and proper.

COUNT 7 – DENIAL OF CIVIL RIGHTS

186.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

187.   Under the CBA, both the SCHOOL DISTRICT OF PHILADELPHIA and PFT are contracted to collaborate to promote a safe and appropriate work environment for all employees of the SCHOOL DISTRICT OF PHILADELPHIA, subject to the CBA.

188.   The Defendants, jointly and severally, have breached said contract, by promoting hate in the workplace at the SCHOOL DISTRICT OF PHILADELPHIA, and by creating a hostile work environment for all employees with disabilities or handicaps who require reasonable accommodations to perform their typical work duties.

189.   All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

190.   The acts or omissions to act of the Defendants, jointly and severally, deprived the Plaintiff Benjamin Litman, and all others similarly situated, of their civil rights as protected full time employees of the SCHOOL DISTRICT OF PHILADELPHIA, under the CBA.

191.   All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

192.   As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or harm caused by the deprivation of their civil rights, including harm to reputation, loss of income, loss of benefits, damage to his career, and loss of pension benefits and such other damages as will be revealed in the course of discovery.

193.   All said statements were understood as being of and concerning the plaintiff.

Case ID: 231102809

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs, and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

Respectfully,


/s/ Donald Litman
_____
Donald Litman, Esquire

## **VERIFICATION**

I, Benjamin Nathan Litman, verify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in the foregoing complaint are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

BENJAMIN NATHAN LITMAN

DATED: 1/7/2024