JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BENJAMIN NATHAN LITMAN

**DEFENDANTS**

The School District of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc E. Batt & Associates, 1500 JFK Blvd., #1450, Phila
PA 19102  215.629.7225

Attorneys *(If Known)*

LEVIN LEGALGRP, 1800 Byberry Road, Huntington Vly.
PA 19006  215-938-6378

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Management Relations | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 751 Family and Medical Leave Act | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Employee Retirement Income Security Act | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty |  | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |
|  |  | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |
|  |  | [ ] 555 Prison Condition |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |

Additional columns: **FEDERAL TAX SUITS** [ ] 870 Taxes (U.S. Plaintiff or Defendant); [ ] 871 IRS—Third Party 26 USC 7609. **SOCIAL SECURITY** [ ] 861 HIA (1395ff); [ ] 862 Black Lung (923); [ ] 863 DIWC/DIWW (405(g)); [ ] 864 SSID Title XVI; [ ] 865 RSI (405(g)).

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Whistleblower claim for corruption in the School District of Philadelphia involving school placement/school selection

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE    Kenny
DOCKET NUMBER   2:22-cv-01509-CFK

DATE
February 21, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Donald Litman

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 43 Saratoga Lane, Harleysville PA

Address of Defendant: 440 N. Broad Street, Phila PA

Place of Accident, Incident or Transaction: 440 N. Broad St., Phila PA

**RELATED CASE IF ANY:**

Case Number: 2:22-CV-01809    Judge: Kenny    Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☒  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐  No ☒

I certify that, to my knowledge, the within case ☒ is / ☐ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 2-21-24    _____    54767

　　　　　　　*Attorney-at-Law* __(Must sign above)__    *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☒ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify):*_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):*_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Donald Litman , counsel of record *or pro se plaintiff,* do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2-21-24    _____    54767

　　　　　　　*Attorney-at-Law (Sign here if applicable)*    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

MARC E. BATT & ASSOCIATES
Donald Litman, Esquire
ID 54767
1500 JFK Blvd., Suite 1450
Two Penn Center
Phila. PA 19102
215-629-7225
donlitman@battlaw.us

Attorneys for:    PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN NATHAN LITMAN                          :
Individually and on behalf of others similarly situated    :
                                                :    CIVIL ACTION - LAW
                                                :
v.                                              :
                                                :
THE SCHOOL DISTRICT OF PHILADELPHIA             :    Case Number: 2:24-cv-00278-TJS
PHILADELPHIA FEDERATION OF TEACHERS             :
ANTHONY B. WATLINGTON, SR., Ed.D.               :    Jury Demand (12) Members
KARYN LYNCH                                     :
LETICIA EGEA-HINTON                             :
ARLENE KEMPIN                                   :
BURNETT COKE                                    :
LIZETTE EGEA-HINTON                             :
ERICKA WASHINGTON                               :
DEBORAH MOORE                                   :
JUSTIN THOMAS                                   :
COLLEEN LANDY-THOMAS                            :
COLLEEN McINTYRE OSBORNE                        :
MICHELLE CHAPMAN                                :
KRISTEN DIANE JUNOD                             :
JEREMY GRANT-SKINNER                            :
DR. KAREN KOLSKY                                :
SHEILA WALLIN                                   :
JAY MUCHEMI                                     :

## AMENDED CIVIL ACTION COMPLAINT

COMES NOW, the Plaintiffs, by and through counsel, and hereby states as follows:

INTRODUCTION:

1.  The Plaintiffs bring this amended civil action to enforce ethical standards within The School District of Philadelphia (SD) for its employees.

1

2. This matter originated incidentally from the requests for written steps as a reasonable accommodation for a learning disability, namely as the Defendants changed the procedures to place students within the school district which did not comport with Plaintiff's training, due to his auditory processing disorder it became necessary, as recommended by the team working with him under the autism waiver with the Pennsylvania Department of Human Services, that he have written guidelines or instructions as a reasonable accommodation under the Americans with Disability Act (ADA).

3. In response to the requests for ADA requests, the Defendant SD suddenly in June 2022 rescinded its policy and procedures for its employees to request such accommodations, and further through the actions of the co-defendants retaliated against the Plaintiff Benjamin Litman (BNL), to ouster him from his position at SD, and then further to terminate his employment altogether.

4. The Plaintiffs aver that there is a corrupt culture at SD wherein in this matter a school board member, Leticia Egea-Hinton, by means of patronage hiring, has inserted a family member as in charge of the office that places students at certain schools within the district, and thereby exert influence within the community, and directly or indirectly profit therefrom.

5. Plaintiff BNL was working in that office that places students and, unlike most other offices within SD, there was no written guidelines nor instructions regarding how to make such student school assignments.

6. It is believed that the Defendants, jointly and individually, acted to deny the Plaintiff's requests for reasonable accommodations, in furtherance of their common objective, namely, that without written instructions or guidelines there could be no standard to expose the student placements made by means of improper influence rather than student qualification.

2

7. Plaintiffs bring this action pursuant to the Pennsylvania Whistle Blower Law, 43 P.S. 1421-1428, Pennsylvania Public Official and Employee Ethics Act, Title VII of the Civil Rights Act of 1964, 42 USC § 2000 e, the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, to remedy and enjoin the Defendants, jointly and severally, from unlawful discrimination against those employees with disabilities that are subject to local, state and federal protections, particularly the Americans with Disability Act, 42 U.S.C. § 12101, failure to accommodate under the Rehabilitation Act, hostile work environment under the Rehabilitation Act, discriminatory constructive discharge, retaliation allegations claim for relief under the Rehabilitation Act, 42 U.S.C. § 12203, retaliatory constructive discharge in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151-169, violation of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1101 et seq, failure to pay wages in violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.3, wrongful termination in violation of public policy, work rules violation under a collective bargaining agreement, defamation, fraud, and breach of contract.

8. This action was commenced on November 29, 2023, in the Court of Common Pleas for Philadelphia, as a whistleblower case, and removed to federal court by the Defendants as a claim under the ADA.

PARTIES:

9. The Plaintiff Benjamin Litman, is a Jewish citizen of Pennsylvania who is on the autism spectrum with other disabilities, including an auditory language disorder, and at all times relevant to this litigation was a citizen and resident of Montgomery County, Pennsylvania.

10. At all times relevant to this Complaint Benjamin Litman is a permanent full time employee of The School District of Philadelphia, in the Office of Student Enrollment and Placement (OSEP), in the role as a Placement Specialist, together with all rights and benefits associated therewith, including those under the Collective Bargaining Agreement (herein described), applicable to all said similarly situated employees within the personnel working for the School District of Philadelphia, at the central administration office.

11. Autism Spectrum Disorders (ASDs) are a group of complex neurological developmental disabilities characterized by problems with communication, social interaction, and patterns of interest and behavior. Symptoms of autism may range from mild to severe. ASDs affect all social classes, races, and ethnic groups.

12. All similarly situated Plaintiffs, as the plaintiff Benjamin Litman, are all full time employees working for the School District of Philadelphia at the central administration office that are members of the Philadelphia Federation of Teachers Union, are hereby included in the allegations against the below identified defendants. Said employees include all those having recognized disabilities that are benefited by reasonable accommodations at work, in order to facilitate the employee's ability to perform their job, and who are harmed by the rescission of the board policies and procedures for the application by employees for reasonable accommodations. Said employees also include all those who can be subject to termination of employment based upon false and defamatory accusation and must endure the hardship of being forced to be represented by Arlene Kempin, as hereinbelow described.

13. Defendant, The School District of Philadelphia, (SD), is part of the system of public education in the Commonwealth of Pennsylvania. Phila. School District Policy 002, Sec. 1. The Plaintiffs are employees within said school district.

4

14. Defendant, Philadelphia Federation of Teachers, (PFT), is a labor union for its members, which include teachers, librarians, school nurses, counselors, psychologists and social workers, secretaries, paraprofessionals, classroom assistants, non-teaching assistants, supportive services assistants, Head Start/Comprehensive Early Learning Center and Bright Futures teachers and staff, food service managers, and professional and technical employees.

15. The Philadelphia Federation of Teachers (PFT) and the School District of Philadelphia have entered into a Collective Bargaining Agreement (CBA) that governs the relationship between the school district and its employees subject to that agreement.

16. Defendant Anthony B. Watlington, SR., Ed.D:, is an individual and at all times relevant to this litigation was a citizen and resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Superintendent of the School District of Philadelphia.

17. Defendant Anthony B. Watlington, SR., Ed.D., has been directly notified since December 15, 2022, at a Board of Education meeting, by the named Plaintiff's representative, that there is corruption within the administrative offices of the School District of Philadelphia, due to hiring patronage, and this corruption has led to the unilateral elimination of policies and procedures that permit employees to seek reasonable accommodations due to having a disability, this corruption includes the display of political signs inside school administrative offices, this corruption ignores the outside employment of school district staff that conflicts with their official duties, this corruption allows the placement of students by the district premised on personal interests of school district staff rather than upon the needs of the student and the catchment that applies or otherwise, and this corruption has been revealed by the complete refusal to develop written procedures or guidelines that specifically delineate the

process that every placement specialist within The School District of Philadelphia is to follow particularly when performing school selection.

18. Defendant Anthony B. Watlington, SR., Ed.D., and his official office electronic e-mail has been contacted daily by the named Plaintiff for reporting for work and to complain about the retaliation following the report of official wrongdoing and public employee corruption within the School District of Philadelphia, and the pay-to-play environment and culture emanating from his supervisors and directors and supported by their loyal co-conspirators, the co-defendants herein.

19. Defendant Karyn Lynch, is an individual and at all times relevant to this litigation was a citizen and resident of Philadelphia, Pennsylvania.

20. Defendant Karyn Lynch, at all times relevant to this Complaint, is the Chief of Student Support Services and the Chief over the Office of Student Enrollment and Placement.

21. Defendant Karyn Lynch escalated and pushed for Plaintiff Benjamin Litman's termination.

22. Upon belief, Defendant Karyn Lynch engaged in official wrongdoing by the destruction of submitted records by said Plaintiff in this matter and tampered with evidence. This Defendant acknowledged to be the person who personally blocked the Plaintiff's like-kind transfer request, which would have allowed for said plaintiff to work in an appropriate work environment.

23. It is alleged that Defendant Karyn Lynch did such actions or failures to act, including without limitation:

    a. Blocked a Like-Kind transfer for the Plaintiff

    b. Destroyed records/ evidence

    c. Manipulated School Selection process for personal benefit

6

  d. Failed to protect a whistleblower

  e. Intentionally violated PFT CBA in regards to the disciplinary process

  f. Disseminated false misinformation about the named Plaintiff to generate a hostile work environment, addressing the Plaintiff's Professionalism, Character, Work productivity, False investigation summaries without factual merit, Letters of adverse employment action without evidence and records ever produced.

  g. Betrayed the public's trust, and Committed malfeasance

  h. Failed to Provide ADA compliant reasonable accommodation when requested

  i. Failed to Provide discovery when requested

  j. Did not follow PFT CBA outlined disciplinary process

  k. Failed to Provide a fair hearing process

  l. Engaged in official wrongdoing, breach of public trust, and malfeasonance

24. Defendant Leticia Egea-Hinton, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Vice President of the School Board and is currently a School Board member. Said Defendant has been individually charged with misconduct in the pending School Selection Federal Lawsuit against the school district. She is the mother of Lizette Egea-Hinton and her daughter has been put in charge of School Selection as one of the top executives over the process, due to patronage, and her daughter is the direct supervisor over the Plaintiff Benjamin Litman.

25. It is alleged that Defendant Leticia Egea-Hinton did such actions or failures to act, including without limitation:

a. Participated without disclosure of conflicts of interest nor recusal or abstention from voting while Maintaining a School Board position in violation of School Board Ethics Policy, amended after the Plaintiff's wrongful suspension

b. Knowingly have direct family employed by the School District of Philadelphia

c. Participated to install her daughter as one of the top administrators of the School Selection process while being a named party in the Federal School Selection lawsuit

d. Eliminated employee reasonable accommodation ADA compliant board policy

e. Failed to protect a whistleblower

f. Betrayed the public's trust

g. Committed malfeasance

h. Failed to Acknowledge nepotism and conflicts of interest

i. Failed to Resign from the School Board

j. Failed to Put in place an employee reasonable accommodation ADA compliant board policy

k. Failed to Provide discovery when requested

l. Acted in violation of 65 Pa. C.S. § 1103

m. Engaged in official wrongdoing

26. Defendant Arlene Kempin, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Vice President of the Philadelphia Federation of Teachers (PFT). Said Defendant is a friend of Defendant Deborah Moore, who hereinbelow is noted as the complainant against Plaintiff Benjamin Litman. Said Defendant failed to act, perform and serve her personal duties as an advocate and legal representative to the Plaintiffs with fidelity, namely all employees covered

by the collective bargaining agreement (CBA) with the School District of Philadelphia (SD), who pay for and are thereby entitled for competent, unbiased, and effective union representation at any and all disciplinary proceedings of district staff, and she did not ensure the CBA was followed. Said Defendant refused to acknowledge her conflicts of interest, and did not ensure a fair hearing process for dues paying union members, and acted inappropriately to protect the welfare and interests of its members.

27. It is alleged that Defendant Arlene Kempin did such actions or failures to act, including without limitation:

    a. Misrepresented her representation and processing of the named Plaintiff's union grievances

    b. Failed to Provide any relief and benefit to the named Plaintiff and others similarly situated as a dues-paying union member

    c. Allowed Temp scabs to take away union jobs

    d. Misrepresented the ADA defined employee reasonable accommodation procedure and board policy

    e. Fail to provide proper help, aid or assistance to union members that request basic union representation in defending the interests of the union member from unfounded and untruthful accusation

    f. Allowed a non-PFT CBA compliant disciplinary process to escalate

    g. Denied the named Plaintiff and those similarly situated with ADA compliant reasonable accommodation

    h. Only Contact union members going through disciplinary claims through email and restricted calls only

   i.  Allowed for the destruction of records/ evidence

   j.  Failed to protect a whistleblower

   k.  Disseminated misinformation to third parties attacking the named Plaintiff's Professionalism, Character, and Work productivity

   l.  Failed to personally Provide competent union representation

   m.  Failed to Disclose her close personal friendship with an accuser

   n.  Failed to Acknowledge her conflicts of interest

   o.  Failed to Process submitted union grievances to her

   p.  Failed to Provide any way to directly contact her

   q.  Failed to Meet with union members in-person upon request

   r.  Failed to Recuse herself from representing a union member allowing for other union representative

   s.  Failed to Protect employees' rights to an ADA compliant policy and procedure for reasonable accommodations

   t.  Failed to Provide discovery when requested

   u.  Engaged in official wrongdoing

28. Defendant Burnett Coke, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Director in Human Resources. Said Defendant claimed the Plaintiff Benjamin Litman never contacted the Office of Accommodations and that Plaintiff Benjamin Litman was noncompliant with repealed School Board Policy 104.

29. It is alleged that Defendant Burnett Coke did such actions or failures to act, including without limitation:

a. Misrepresented his communications with the Office of Accommodations

b. Unilaterally acting to modify and/or create a substitute or facsimile of a form from the repealed Policy 104 only for use by the named Plaintiff

c. Engaged in actions to hide or other support a coverup for the School District of Philadelphia's lack of an employee ADA compliant policy and procedure

d. Allowed for the destruction of records/ evidence

e. Denied ADA compliant reasonable accommodation for a union member who's disabilities were known upon request

f. Failed to protect a whistleblower

g. Betrayed the public's trust

h. Committed malfeasance in the due performance of his office and obligations towards the Plaintiffs

i. Failed to Request any information as outlined by the ADA for a union member who's disabilities were known

j. Failed to Protect employees' rights to an ADA compliant policy and procedure for reasonable accommodations

k. Failed to Monitor district employees' outside employment, or otherwise deny district employees to hold outside employment that has a conflict of interest, or allows the appearance of such

l. Failed to Provide discovery when requested

m. Failed to otherwise act in conformity with the state ethics act, federal laws for the protection of public employees, the state whistle-blower law, the Americans with

11

Disabilities Act, and such other acts or failures to act that shall be revealed in the course of discovery.

    n.  Acted in violation of 65 Pa. C.S. § 1103

    o.  Engaged in official wrongdoing

30. Defendant Lizette Egea-Hinton, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the daughter of a School Board member and owner of her own Philadelphia-based educational consulting firm. Said Defendant is the Plaintiff's Benjamin Litman's direct supervisor and has long standing direct involvement, and was a patronage hiree.

31. It is alleged that Defendant Lizette Egea-Hinton did such actions or failures to act, including without limitation:

    a.  Created a hostile work environment

    b.  Harassed, belittled, mocked, alienated, and isolated the named Plaintiff

    c.  Denied employee requested ADA compliant reasonable accommodation

    d.  Disseminated misinformation about the named Plaintiff's Professionalism, Character, and Work productivity

    e.  Falsely Claimed that the named Plaintiff was a danger to the public

    f.  Made false statements to third parties of or concerning the named Plaintiff with intent to impugn their character by calling them a racist and anti-women

    g.  Removed essential work tools only from a union member with the intent to constructively terminate their employment by creating a hostile work environment

    h.  Used unqualified Temp scabs to replace a union job that required a four year college degree

12

i.  Failed to comply with the Code of Conduct particularly the conflicts of interest provisions by holding outside employment without obtaining prior approval

j.  Modified her outside educational consulting firm's website and records after legal action commenced exposing the corrupt enterprise

k.  Created the appearance of impropriety, at a minimum, for the School Selection process

l.  Retaliated for filing a complaint with the Office of Employee and Labor Relations

m.  Attempted to take disciplinary action as further retaliation

n.  Engaged in verbal false accusation to belittle the Plaintiff to other employees, outside agencies, and the public to impugn their character further

o.  Manipulated School Selection process for personal benefit

p.  Betrayed the public's trust

q.  Committed malfeasance

r.  Failed to Disclose that her mother was Vice President of the School Board

s.  Failed to Disclose that she has conflicting outside employment with her official duties to the School District of Philadelphia

1.  Including but not limited to her educational consulting firm

t.  Failed to Request any information as outlined by the ADA

u.  Failed to Act upon receipt of report of misconduct from the named Plaintiff

v.  Failed to restore access to essential work tools when requested to constructively terminate employment

w.  Failed to Provide discovery when requested

x.  Acted in violation of 65 Pa. C.S. § 1103

13

    y.  Engaged in official wrongdoing

    z.  Conducted an outside business as Lizette Egea LLC in conflict with her official duties without approval of the school district

32. Defendant Ericka Washington, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy Chief of the Office of Student Enrollment and Placement. She is directly in charge of Plaintiff Benjamin Litman's department and former COO of Universal Family of Schools. She initiated the first disciplinary actions against Plaintiff Benjamin Litman after completing her rehire probationary period, and she was a patronage hiree.

33. It is alleged that Defendant Ericka Washington did such actions or failures to act, including without limitation:

    a.  Made anti-Semitic remarks to the named Plaintiff

    b.  Created a hostile work environment

    c.  Harassed, belittled, mocked, alienated, and isolated the named Plaintiff

    d.  Denied ADA compliant reasonable accommodation

    e.  Took baseless disciplinary actions against the named Plaintiff without discovery

    f.  Disseminated misinformation about the named plaintiff, of or concerning their Professionalism, Character, and Work productivity

    g.  Claimed that the named Plaintiff was a danger to the public

    h.  Impugned the named Plaintiff's character by calling them a racist and anti-women

    i.  Removed essential work tools only from the named Plaintiff

    j.  Used non-district outside Temp employees (scabs) to replace the named Plaintiff's position of employment, a college education required union job

14

k.  Retaliated against the named Plaintiff for filing a complaint with the Office of Employee and Labor Relations

l.  Belittled the named Plaintiff to other employees, outside agencies, and the public to impugn their character further

m.  Manipulated School Selection process for personal benefit

n.  Failed to recuse herself from the disciplinary process resting upon testimony from Defendant Moore, as she procured a citation from the Philadelphia City Council for Deborah Moore

o.  Betrayed the public's trust

p.  Committed malfeasance

q.  Failed to disclose her prior employment as the COO of Universal Family of Schools (charter school company) where financial impropriety occurred under her watch which resulted in two school closures and her golden parachute

r.  Failed to Request any information as outlined by the ADA from the named Plaintiff

s.  Failed to restore access to my essential work tools when requested to constructively terminate employment

t.  Failed to Provide discovery when requested

u.  Acted in violation of 65 Pa. C.S. § 1103

v.  Engaged in official wrongdoing

34. Defendant Deborah Moore, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Secretary of the Office of Student Enrollment and Placement and former friend of Plaintiff Benjamin

Litman. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

35. It is alleged that Defendant Deborah Moore did such actions or failures to act, including without limitation:

    a.  Failed to disclose her close personal friendship with Arlene Kempin

    b.  Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

    c.  Impugn the character of the named Plaintiff to others by calling them a racist

    d.  Promoted an atmosphere of distrust and lack of harmony within OSEP by disclosing her extreme dislike of Justin Thomas

    e.  Disclosing Justin Thomas' history of sexual harassment of her and others

    f.  Disclosing Justin Thomas hates his ethnicity

    g.  Disclosing Justin Thomas' home address outside of Philadelphia

    h.  Has a bias with Defendant Washington, as indicated by the Receipt of a citation from the Philadelphia City Council procured by Ericka Washington

    i.  Betrayed the public's trust

    j.  Committed malfeasance

    k.  Discussed the patronage hiring practices of the School District of Philadelphia and her role in it

    l.  Failed to Disclose her possible outside employment after an Office of Open Records Right to Know (RTK) request was submitted for such required records

    m.  Failed to Provide discovery when requested

    n.  Acted in violation of 65 Pa. C.S. § 1103

   o. Engaged in official wrongdoing

36. Defendant Justin Thomas, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the direct title peer to Plaintiff Benjamin Litman and they sat next to each other in connected workstations. Justin Thomas' inappropriate actions have been previously reported by Plaintiff Benjamin Litman. He is also directly in charge of the high school School Selection process in Federal Lawsuit, and he was a patronage hiree.

37. It is alleged that Defendant Justin Thomas did such actions or failures to act, including without limitation:

   a. Manipulated School Selection process for personal benefit

   b. Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

   c. Verbally stated in the presence of third parties that the named Plaintiff is incompetent because he was sent Customer Service tickets

   d. Created a hostile work environment

   e. Harassed, belittled, mocked, alienated, and isolated the named Plaintiff

   f. Took pleasure in students committing felonious acts of cruelty

   g. Promoted hazing in various forms almost daily

   h. Actively campaigned for political elections in OSEP and on School District of Philadelphia time and property

     1. Including but not limited to phone banking, signs, buttons, and volunteer election day staffing support

i.   Retaliated against the named Plaintiff for filing a complaint with the Office of Employee and Labor Relations against him

j.   Sexually harassing other agency staff and employees

k.   Promoted alcohol consumption almost daily

l.   Orally Disclosed conflicting outside employment with his official duties

m.   Actively manipulated the School Selection lottery process

n.   Provided school lottery information to fellow corrupt high ranking school administrators

o.   Betrayed the public's trust

p.   Committed malfeasance

q.   Discussed the patronage hiring practices of the School District of Philadelphia and his role in it

r.   Failed to Provide discovery when requested

s.   Failed to Acknowledge conflict of interest with his wife as an accuser

t.   Failed to Disclose the full extent of his conflicting outside employment

u.   Failed to Disclose his involvement in bribery

v.   Acted in violation of 65 Pa. C.S. § 1103

w.   Engaged in official wrongdoing and breach of the public's trust

38. Defendant Colleen Landy-Thomas, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is Justin Thomas' wife and concealed this relationship during this process. She is the Director of the Educating Children and Youth Experiencing Homelessness department. She has made

defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

39. It is alleged that Defendant Colleen Landy-Thomas did such actions or failures to act, including without limitation:

   a. Disseminated misinformation about the named Plaintiff's Professionalism, Character, and Work productivity

   b. Retaliated against the named Plaintiff for filing a complaint with the Office of Employee and Labor Relations against her spouse

   c. Disclosed conflicting outside employment with her official duties

   d. Betrayed the public's trust

   e. Committed malfeasance

   f. Failed to Provide discovery when requested

   g. Failed to Acknowledge conflict of interest with her husband as an accuser

   h. Failed to Disclose potential financial impropriety with her husband

   i. Acted in violation of 65 Pa. C.S. § 1103

   j. Engaged in official wrongdoing and breach of the public's trust

40. Defendant Colleen McIntyre Osbourne, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is an attorney working for the School District of Philadelphia while also running her election campaign bid for District Judge. She has political conflicts of interest in this case and she has served as an investigator twice in this process. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

41. It is alleged that Defendant Colleen McIntyre Osbourne did such actions or failures to act, including without limitation:

    a. Conducted an alleged investigation but could not produce documentation for it

    b. In discussing with the named Plaintiff his prior allegation of misconduct by Justin Thomas for openly saying inappropriate information she claimed that she could not help

    c. Failed to protect a whistleblower

    d. Made a false investigation summary without factual merit

    e. Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

    f. Allowed for the destruction of records/ evidence

    g. Betrayed the public's trust

    h. Committed malfeasance

    i. Failed to Provide discovery when requested

    j. Failed to Disclose her campaign for District Judge in Philadelphia that conflicts with her official duties

    k. Failed to Disclose her employment as an Attorney for the School District of Philadelphia in her political campaign

    l. Failed to Enforce School District of Philadelphia relevant policies and procedures

    m. Acted in violation of 65 Pa. C.S. § 1103

    n. Engaged in official wrongdoing

42. Defendant Michelle Chapman, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy

20

Chief of the Office of Employee and Labor Relations. She failed to provide any information for an ADA-compliant reasonable accommodation when asked numerous times, made conflicting statements to Plaintiff Benjamin Litman and the Pennsylvania Office of Open Records, and she served as an investigator on this case. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

43. It is alleged that Defendant Michelle Chapman did such actions or failures to act, including without limitation:

    a. Conducted an alleged investigation but cannot produce any direct documentation for it

    b. Made false statements to the Office of Open Records

    c. Failed to protect a whistleblower

    d. Made a false investigation summary without factual merit

    e. Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

    f. Misrepresented in regard to the named Plaintiff's communications with the Office of Accommodations

    g. Engaged in a Coverup of corruption in the School District of Philadelphia for it's lack of an employee ADA compliant policy and procedure

    h. Allowed for the destruction of records/ evidence

    i. Denied ADA compliant reasonable accommodation upon request

    j. Betrayed the public's trust

    k. Committed malfeasance

l.   Failed to Request any information as outlined by the ADA

m.   Failed to Protect employees' rights to an ADA compliant policy and procedure for reasonable accommodations

n.   Failed to Monitor employees' outside employment

o.   Failed to Provide discovery when requested

p.   Failed to Enforce School District of Philadelphia relevant policies and procedures

q.   Acted in violation of 65 Pa. C.S. § 1103

r.   Engaged in official wrongdoing

44. Defendant Kristen Diane Junod, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is an attorney in the Office of General Counsel. Her office failed to protect a whistleblower and leaked Plaintiff Benjamin Litman's identity. Her office has failed to provide timely discover as requested and answer questions about this case when asked daily.

45. It is alleged that Defendant Kristen Diane Junod did such actions or failures to act, including without limitation:

a.   Allowed her office to make false statements to the Office of Open Records

b.   Failed to protect a whistleblower

c.   Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

d.   Made False investigation summaries without factual merit

e.   Made Letters of adverse employment action without evidence and records ever produced

f.   Failed to Request any information as outlined by the ADA

22

g. Failed to Protect employees' rights to an ADA compliant policy and procedure for reasonable accommodations

h. Failed to Monitor employees' outside employment

i. Failed to Provide discovery when requested

j. Failed to Enforce School District of Philadelphia relevant policies and procedures

k. Acted in violation of 65 Pa. C.S. § 1103

l. Engaged in official wrongdoing

46. Defendant Jeremy Grant-Skinner, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Deputy Superintendent of Talent, Strategy, and Culture. He reaffirmed the decision to proceed with termination of Plaintiff Benjamin Litman without any records produced and only made this decision known after Plaintiff Benjamin Litman cited that as a requirement under the PFT CBA. He has made defamatory statements about Plaintiff Benjamin Litman, which has not been supported with any proof nor sworn testimony as requested.

47. It is alleged that Defendant Jeremy Grant-Skinner did such actions or failures to act, including without limitation:

a. Failed to protect a whistleblower

b. Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, Work productivity.

c. False investigation summaries without factual merit

d. Letters of adverse employment action without evidence and records ever produced

e. Failed to Request information as outlined by the ADA from employee requesting reasonable accommodation

f.  Failed to Protect employees' rights to an ADA compliant policy and procedure for reasonable accommodations

g.  Failed To Monitor employees' outside employment

h.  Failed to Provide discovery when requested

i.  Failed to Enforce School District of Philadelphia relevant policies and procedures

j.  Failed to send any timely communications as outlined by the PFT CBA

k.  Acted in violation of 65 Pa. C.S. § 1103

l.  Engaged in official wrongdoing, breach of public trust and malfeasonance

48. Defendant Dr. Karen Kolsky, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the hearing officer who recommended termination and suspension without pay against Plaintiff Benjamin Litman. Her hearing practices did not offer a fair hearing. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

49. It is alleged that Defendant Dr. Karen Kolsky did such actions or failures to act, including without limitation:

a.  Failed to protect a whistleblower

b.  Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

c.  False investigation summaries without factual merit

d.  Letters of adverse employment action without evidence and records ever produced

e.  Misspelled the name of the named Plaintiff on official documentation

f.  Destroyed records / evidence

24

g.  Blocked Like-Kind transfer for Plaintiff Benjamin Litman

h.  Intentionally violated PFT CBA in regards to the disciplinary process

i.  Falsely claimed the named Plaintiff harassed them for asking for discovery of the evidence used to make adverse employment actions

j.  Failed to Provide ADA compliant reasonable accommodation when requested

k.  Failed to Provide discovery when requested

l.  Failed to follow PFT CBA outlined disciplinary process

m.  Failed to Provide a fair hearing process

n.  Failed to request any information as outlined by the ADA from employees seeking reasonable accommodations

o.  Acted in violation of 65 Pa. C.S. § 1103

p.  Engaged in official wrongdoing

50. Defendant Sheila Wallin, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint, said Defendant pursued disciplinary action against Plaintiff Benjamin Litman in conjunction with Ericka Washington. She left a hearing early against Plaintiff Benjamin Litman, showing her bias. She also blocked his like-kind transfer request. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

51. It is alleged that Defendant Sheila Wallin, who was involved in all stages of the disciplinary process, did such actions or failures to act, including without limitation:

a.  Failed to protect a whistleblower

b. Disseminated misinformation to third parties about the named Plaintiff's Professionalism, Character, and Work productivity

c. False investigation summaries without factual merit

d. Letters of adverse employment action without evidence and records ever produced

e. Promulgated a false account of alleged actions by the named Plaintiff

f. Left a hearing earlier citing her bias that her mind was made up before hearing all alleged evidence had been presented

g. Destroyed records / evidence

h. Blocked Like-Kind transfer

i. Intentionally violated PFT CBA in regards to the disciplinary process

j. Falsely claimed I harassed them for asking for discovery of the evidence used to make adverse employment actions

k. Failed to Provide ADA compliant reasonable accommodation when requested

l. Failed to Provide discovery when requested

m. Failed to follow PFT CBA outlined disciplinary process

n. Failed to Provide a fair hearing process

o. Failed to Request any information as outlined by the ADA from employees seeking reasonable accommodations

p. Acted in violation of 65 Pa. C.S. § 1103

q. Engaged in official wrongdoing

52. Defendant Jay Muchemi, is an individual and at all times relevant to this litigation was a resident of Philadelphia, Pennsylvania. At all times relevant to this Complaint is the Director of Operations in the Office of Student Enrollment and Placement. She refused to provide an

26

inventory of Plaintiff Benjamin Litman's items when his workstation was moved and the location of his new workstation. She also actively barred Plaintiff Benjamin Litman from staff meeting attendance. Her position requires her to be knowledgeable about all related policies and procedures in the School District of Philadelphia. She has made defamatory statements about Plaintiff Benjamin Litman and she has not provided any proof nor sworn testimony as requested.

53. Defendant Jay Muchemi engaged in official wrongdoing, and is a patronage hiree.

54. Plaintiffs are all employees of the School District of Philadelphia who have diagnosed physical or cognitive disabilities, conditions or limitations that are protected as disabled citizens pursuant to local, state and federal laws and regulations.

55. Defendants, jointly and severally, were responsible for creating and/or enforcing the procedures for all school district employees to request and obtain reasonable accommodations to their working environment that meets their individual physical or cognitive needs, which are protected by local, state and federal laws and regulations.

56. Defendants were aware of past incidents of handicapped employees of the district who have a diagnosed physical or cognitive condition that with reasonable accommodations can have an appropriate working environment.

57. Plaintiff Benjamin Litman reported the events of his employment history with the school district, and his disabilities being used as retaliation to State Representatives Matt Bradford and Liz Hanbidge, and Senator Tracy Pennycuick, including Plaintiff's ADA requests.

58. On or about May 1, 2023, the state officials referred the Plaintiff to various local, state and federal agencies, who also declined jurisdiction or failed to reply, including the Equal Employment and Opportunity Commission (EEOC), PA Human Relations Commission,

Mayor's Office on Disabilities, PA Office of Attorney General, US Dept. of Justice, Office of Civil Rights, and the PA Governor.

FACTUAL ALLEGATIONS AS TO ALL PARTIES:

59. The Board of Education for the School District of Philadelphia and the Philadelphia Federation of Teachers entered into a contract entitled a Collective Bargaining Agreement (CBA) governing the terms and conditions of employment for the bargaining unit members, (the terms thereof are incorporated herein by reference), the within Plaintiffs, and are jointly and severally obligated to provide a safe work environment without reprisal and discrimination as its goal in providing a free appropriate public education for the students of the School District of Philadelphia.

60. On or about September 14, 2020, the Plaintiff Benjamin Litman, began full time employment with The School District of Philadelphia, in the Office of Student Enrollment and Placement.

61. Since September 2020, the Plaintiff Benjamin Litman has dutifully reported for work with the School District of Philadelphia, ready and able to provide all assigned duties with fidelity, which has continued at the time of filing this Complaint, and is thereby entitled to be compensated for said services, along with full benefits, in conformity with his terms of employment at the rate of compensation specified therein.

62. On February 22, 2022, in connection with property damage claim against the school district, Claim No: 2122CLMS0060, the district was made aware that Benjamin Litman has special needs, due to the failure of the district to allow short term handicapped parking to deliver the Plaintiff's lunchbox and the security guard directing the handicapped van into an illegally installed post in the cartway in front of the district administration building.

63. Beginning in Spring 2022, Defendant Erika Washington began her probationary period as Supervisor for the Office of Student Enrollment and Placement (OSEP), which ended by October 2022, and during this period said Defendant changed the existing procedures for student enrollment and placement, on a case-by-case basis without written instructions.

64. As a direct and proximate result of the unilateral change to the procedures at OSEP by the Defendants Erika Washington and Lizette Egea-Hinton, the Plaintiff Benjamin Litman as a result of his learning differences and disabilities, recognized under the ADA, requested written guidelines or procedures to follow for student enrollment and placement, which was refused without explanation.

65. Since Defendant Lizette Egea-Hinton began working at OSEP, Plaintiff Benjamin Litman started to take notice of improper actions, and suspicious activities by Ericka Washington, Lizette Egea-Hinton, Justin Thomas, Theresa Samuel, and Deborah Moore, wherein students were being placed into schools without due consideration of the student's scholastic record, but instead upon the personal relationship of a student family member, or ward leader, or friend of one of the individual Defendants.

66. Upon information, Ericka Washington, Lizette Egea-Hinton, Justin Thomas, Theresa Samuel, and Deborah Moore, have held outside employment to their position with the School District of Philadelphia that conflicts with their official duties.

67. Upon information, Ericka Washington, Lizette Egea-Hinton, Justin Thomas, Theresa Samuel, and Deborah Moore, have engaged in the placement of students within the school district that was influenced by outside conflicting employment to their position with the School District of Philadelphia, or otherwise for personal gain or profit.

29

68. As a direct and proximate result of the Plaintiff Benjamin Litman seeking written guidelines or instructions for student placement, the Defendants, jointly and severally, conspired to deny said request to preserve and protect the student placement methods in place in furtherance of an illicit scheme to register and/or place students within the school district based upon personal interests rather than official standards or guidelines, which created a hostile work environment for the Plaintiffs.

69. The more frequent the Plaintiff Benjamin Litman requested written guidelines or instructions for student placement, the more hostile the working environment became, due to the actions of the Defendants.

70. Plaintiff Benjamin Litman avers that from June 6, 2022, that as a direct and proximate result of the hostile work environment towards those with learning differences and/or handicaps and/or disabilities, the Defendants, jointly and severally engaged in a pattern of behavior and/or scheme to harass the Plaintiff, and all those similarly situated, by creating and/or contributing to this hostile working culture, especially towards the Plaintiff Benjamin Litman, for being white, young, Jewish, and from the suburban area outside of the City of Philadelphia, caused by Deputy Ericka Washington, Director Lizette Egea-Hinton, and Deborah Moore and including Placement Specialist Justin Thomas.

71. In June 2022, Defendant Deputy Chief Ericka Washington was permanently placed in charge of the Office of Student Enrollment and Placement (OSEP).

72. In June 2022, the Board of Education rescinded Policy 104, which resulted in no official method or form to request an accommodation under the ADA for employees, so the Plaintiff Benjamin Litman wrote his request for accommodations and let his employer know that he was asking for written guidelines or procedures as he has an auditory processing disorder.

73. In October 2022, Defendant Director Lizette Egea-Hinton was placed in Second in charge of the Office of Student Enrollment and Placement (OSEP).

74. In December 2022, Defendant Director Jay Muchemi was placed in charge of the operations of the Office of Student Enrollment and Placement (OSEP).

75. Defendants Ericka Washington, Lizette Egea-Hinton, Karyn Lynch, and Jay Muchemi are jointly responsible for all conduct involving the Office of Student Enrollment and Placement (OSEP).

76. On June 23, 2022, without any notice to employees nor to the public, the Philadelphia Board of Education abolished Board Policy 104, that provides for non-discrimination protections for all school district employees, and the procedures for filing a complaint.

77. On June 23, 2022, without any notice to employees nor to the public, the Philadelphia Board of Education changes Board Policy 348, to include sexual harassment as a form of discrimination of employees.

78. Contemporaneously with the rescission of Board Policy 104, the board significantly adjusted the relationship of the Office of Inspector General for the school district, which impaired their independent role as a watchdog, by amending Board Policy 1200.

79. The Office of Inspector General is required to keep all records of investigation confidential, including the identities of individuals who provide information in connection with an investigation, to the extent permitted by law, and shall not disclose any information that would violate federal, state or local laws, and shall respect employees' due process rights as prescribed by State law, Board policies and/or applicable collective bargaining agreements.

In the fall of 2022, Plaintiff BNL through his representative contacted the Office of Inspector General to report Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and Deborah

Moore, for official wrongdoing, as their conflicting interests violated the ethical code the Plaintiffs were compelled to ascribe to upon hiring.

80. The Office of Inspector General divulged Plaintiff BNL identity to Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and/or Deborah Moore, and his claims of official wrongdoing.

81. As a result of the release of confidential information regarding the complaint of official wrongdoing by Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and Deborah Moore, the Plaintiff BNL was subjected to ridicule and false accusation, in order to remove him from access to their nefarious actions.

As the ethical code forbid the holding of outside employment in conflict with official duties, the Plaintiff BNL filed a complaint against Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and Deborah Moore, for which the Office of Inspector General failed to perform a proper investigation, and instead leaked to the subjects of the investigation the whistle-blower, namely the Plaintiff BNL, who was then subjected to a scheme to terminate his employment by use of misrepresentations and procedures that denied him rights to a fair hearing.

82. On January 17, 2023, Plaintiffs submitted a Right to Know Law Request (RTKL) seeking the following:

A.    Any and all records referring and relating to applications of district employees assigned to the Office of Student Enrollment and Placement to be permitted to engage in outside employment from 2015 to the present. Including without limitation, Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and Deborah Moore.

B.    Any and all records referring or relating to the training of district employees on the School Selection Process from 2020 to the present.

32

C. Reports of district employee(s) accepting money or gifts from parents/caregivers of students seeking placement within the district.

83. On January 19, 2023, Defendant Lizette Egea-Hinton commenced a disciplinary process against the Plaintiff Benjamin Litman, in retaliation for the aforesaid Right to Know Law Request, and complaint against Justin Thomas with the Office of Employee Relations, based upon false and defamatory accusations by those who were the subject of the Right to Know Law Request, which were communicated to third parties, claiming the Plaintiff Benjamin Litman did not comply with the Code of Ethics for district employees.

84. Plaintiff Benjamin Litman submitted a letter of attachment to rebut the false accusation being presented by Defendant Lizette Egea-Hinton.

85. The Defendant School District of Philadelphia unilaterally removed and destroyed the Plaintiff's letter of attachment, without authority.

86. On March 14, 2023, the Office of General Counsel, written by Kristina Helmers, replied to the RTKL request by a verified statement from Defendant Michelle Chapman that the Code of Ethics does not require district employees to obtain approval for holding outside employment that conflicts with their official duties to the school district, and the school district has no one assigned to do so nor the Office of General Counsel nor the Inspector General. See Exhibit A.

87. On March 16, 2023, Plaintiff submitted his complaint for denial of reasonable accommodation and retaliatory discipline to the Pennsylvania Department of Education and the Pennsylvania and United States Attorney General's Office, as well as to his State Representative Liz Hanbidge, and his acquaintance State Representative Matt Bradford.

88. On March 27, 2023, the Office of General Counsel, written by Kristina Helmers, replied to the RTKL request by a supplemental statement that the Code of Ethics is not applicable to OSEP,

because it is not under the Board of Education, but rather under the Office of Student Support Services. See Exhibit B.

89. The same Code of Ethics that Defendants claim does not apply to them is the same Code of Ethics that the Defendants have asserted apply to the Plaintiffs, which is contradictory, particularly as a school board member Leticia Egea-Hinton is the mother of Lizette Egea-Hinton, and the entire disciplinary proceedings have the appearance of impropriety, which violates the Code of Ethics, as well as each employee having to sign documents that they agree to follow this code of ethics.

90. On March 28, 2023, the Office of Talent at the School District of Philadelphia advertised the Plaintiff Benjamin Litman's position as available.

91. On April 26, 2023, Defendant Michelle Chapman issued her Investigative Report Summary.

92. On May 1, 2023, Attorney Colleen Osborne sent Placement Specialist Plaintiff Benjamin Litman her Investigative Report Summary.

93. On May 1, 2023, Director Lizette Egea-Hinton made defamatory statements about Placement Specialist Plaintiff Benjamin Litman to staff in the Office of Student Enrollment and Placement and Information Technology (IT), and removed the Plaintiff's Benjamin Litman Student Information System access.

   a. Director Lizette Egea-Hinton made the following false claims about Placement Specialist Plaintiff Benjamin Litman without providing evidence:

      1. He placed students at risk

      2. He caused undue hardships

94. On May 1, 2023, Director Lizette Egea-Hinton makes Placement Specialist Plaintiff Benjamin Litman's job duties solely related to customer service tickets effective on May 2, 2023.

Director Lizette Egea-Hinton claimed that Placement Specialist Plaintiff Benjamin Litman is a danger to the public, caused undue hardships, and is a risk to students. Placement Specialist Plaintiff Benjamin Litman was removed from access to the Student Information System and other tools essential to the job he was hired to perform, thereby constructively terminating his employment.

95. On May 5, 2023 – May 10, 2023, Placement Specialist Plaintiff Benjamin Litman denied these claims as untrue and asks the PFT if they condone this conduct. Placement Specialist Plaintiff Benjamin Litman stated that Director Lizette Egea-Hinton's defamation increases personal and organizational liabilities while also requesting the proof used to make these allegations. This request for proof was repeated on May 8, 2023. No proof was ever provided. Deputy Chief Ericka Washington threatened Placement Specialist Plaintiff Benjamin Litman with disciplinary actions for requesting proof of their allegations made against him. Placement Specialist Plaintiff Benjamin Litman states that he is unable to directly complete the duty assigned to him because they removed his access to the work tools in order to do so.

96. On May 5, 2023, Defendant Dr. Watlington sent a The School Progress Report on Education and Equity (SPREE) for School Year 2021-22 to the everyone email address.

97. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman sends Defendant Superintendent Watlington and Defendant PFT his Contemporaneous Employee Letters of Attachment to Deputy Michelle Chapman and Attorney Colleen Osborne's Investigative Reports within 10 days of receipt. Since Deputy Michelle Chapman is involved in this matter, there are vacancies for Chief Talent Officer and Deputy Superintendent of Operations. The Superintendent is the next link in the chain of command.

  b. Placement Specialist Plaintiff Benjamin Litman made the following statements:

1.  The Office of Labor Relations never denied his claims as substantively untrue.

2.  He claimed protection under the following protective statuses:

    a. Whistleblower

    b. Disability

    c. Religion

    d. Race

    e. Age

c.  Placement Specialist Plaintiff Benjamin Litman reaffirms his commitment to rightful truth while questioning the credibility of the investigations conducted. He alludes to Attorney Colleen Osborne running for judicial office while working for the School District of Philadelphia and presenting herself as an attorney in a legal role.

d.  Placement Specialist Plaintiff Benjamin Litman offers free resources to students to promote civics and expresses his desire to simply do his job well.

    1.  If the Office of Student Enrollment and Placement does not want him, Placement Specialist Plaintiff Benjamin Litman makes another request for a like-kind transfer. Placement Specialist Plaintiff Benjamin Litman states an overview of his positive points of differentiation that make him an asset to the School District of Philadelphia.

98. On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman responded to Director Lizette Egea-Hinton's defamatory statements from May 1, 2023.

a.  Placement Specialist Plaintiff Benjamin Litman made the following statements:

    a.  The Office of Labor Relations never denied his claims as substantively untrue.

    b.  He claimed protection under the following protective statuses:

36

    1. Whistleblower

    2. Disability

    3. Religion

    4. Race

    5. Age

b. Placement Specialist Plaintiff Benjamin Litman called upon the leadership of the PFT to take immediate action to protect its union members from conduct and treatment exhibited by the Office of Student Enrollment and Placement management.

c. Placement Specialist Plaintiff Benjamin Litman called upon Deputy Ericka Washington and Director Lizette Egea-Hinton to provide proof or evidence for their defamatory claims and allegations.

    a. Which student placements are you citing?

    b. What risk are you referring to?

    c. What undue hardships are you referring to?

    d. What factual work productivity basis do you have for such drastic work systems access removal?

d. Placement Specialist Plaintiff Benjamin Litman advised Deputy Ericka Washington and Director Lizette Egea-Hinton that their online registration request for the School District of Philadelphia can cause liability for spreading false information from an untrue permanent school record.

e. Placement Specialist Plaintiff Benjamin Litman notified the Defendants by email (Superintendent and PFT leadership) that his access to essential information and work tools was denied, effectively terminating his position, as no instructions were provided

by Deputy Ericka Washington and Director Lizette Egea-Hinton regarding specific work for him.

    f.  Placement Specialist Plaintiff Benjamin Litman reaffirmed his dedication as a conscientious public servant who cares about students, requesting Deputy Ericka Washington and Director Lizette Egea-Hinton to clarify exactly their statements and identify supporting records. Furthermore, Placement Specialist Plaintiff Benjamin Litman requested that Deputy Ericka Washington and Director Lizette Egea-Hinton to provide all proof or evidence for their claims by close of business (COB) May 5, 2023, otherwise, their damaging defamatory statements will be considered withdrawn with prejudice. If evidence actually existed and was substantial enough to warrant their actions, multiple departments, personnel, and records would contain this evidence. It would be readily available as email attachments within seconds.

99.    On May 5, 2023, Deputy Ericka Washington was out-of-the-office for at least this day.

100.    On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman did not receive a response to his emails from this date and he did not receive work instructions.

101.    On May 5, 2023, Placement Specialist Plaintiff Benjamin Litman makes his initial records request via Employee Letters of Attachment to both Investigative Summary Reports dated April 26, 2023 and May 1, 2023 to Superintendent Watlington and Defendant PFT. No response received.

102.    On May 8, 2023, Director Lizette Egea-Hinton scheduled her 1-1 Check-in Meeting with Placement Specialist Plaintiff Benjamin Litman scheduled June 26, 2023.

103.    On May 8, 2023, Director Lizette Egea-Hinton cancelled a team meeting from Placement Specialist Plaintiff Benjamin Litman's work-issued calendar.

104.     On May 12, 2023, Chief Karyn Lynch sends Placement Specialist Plaintiff Benjamin Litman a defective Investigatory Hearing notice for a hearing scheduled for May 22, 2023. Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment sent to PFT President Jerry Jordan and Superintendent Anthony Watlington were not included and presumed as destroyed. Placement Specialist Plaintiff Benjamin Litman requested a preparation meeting with his union representation. A preparation phone call between Placement Specialist Plaintiff Benjamin Litman and PFT Vice President Arlene Kempin took place from an extremely limited access phone number. Whereby Placement Specialist Plaintiff Benjamin Litman had no access to call PFT Vice President Arlene Kempin directly.

105.     From May 11, 2023 to June 2, 2023, The Office of Diverse Learners contacted Placement Specialist Plaintiff Benjamin Litman for support with an Emotional Support Placement. Placement Specialist Plaintiff Benjamin Litman informed the Office of Diverse Learners that he did not have access to the essential tools to assist them so the placement was referred to Director Lizette Egea-Hinton. Director Lizette Egea-Hinton in reaction blamed Placement Specialist Plaintiff Benjamin Litman for not resolving this placement. Director Lizette Egea-Hinton removed this work duty from Placement Specialist Plaintiff Benjamin Litman and did not assign a replacement nor did she provide a written workflow for handling these placements moving forward. When Placement Specialist Plaintiff Benjamin Litman asked who handles these placements, Director Lizette Egea-Hinton continued to blame Placement Specialist Plaintiff Benjamin Litman for the delay in placement. Placement Specialist Plaintiff Benjamin Litman responded that in communications with the Office of Diverse Learners they stated that they would seek alternative workflows to resolve their

placements due to OSEP management and that no further action was required from him at this time. No response was given.

106.     On May 15, 2023, Director Lizette Egea-Hinton scheduled her 1-1 Check-in Meeting with Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

107.     On May 19, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

108.     On May 22, 2023, Chief Karyn Lynch calls for an Investigative Hearing against Placement Specialist Plaintiff Benjamin Litman. No proof, records, or anything from the School District of Philadelphia Investigation was provided before or after this hearing. Placement Specialist Plaintiff Benjamin Litman's Employee Letters of Attachment were not attached to the investigative summary reports. Placement Specialist Plaintiff Benjamin Litman also experienced "The Blue Screen of Death" computer error and reported it to IT in order to work towards a resolution.

109.     On May 22, 2023, Superintendent Anthony Watlington announces after regular work hours the hiring of Chief of Curriculum and Instruction Dr. Nyshawana Francis-Thompson and Deputy Superintendent of Talent, Strategy and Culture Jeremy Grant-Skinner.

110.     On May 29, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman.

111.    On May 30, 2023, Director Jay Muchemi scheduled an OSEP Staff Meeting. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

112.    On May 31, 2023, Director Lizette Egea-Hinton authorizes Placement Specialist Plaintiff Benjamin Litman editor abilities to the OSEP Call Center (Customer Service Ticket Sheet.)

113.    On May 31, 2023, Temporary Staff Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included.

    A.    Placement Specialist Plaintiff Benjamin Litman forwarded this customer service ticket to the general email address School Select Test. School Select Test answered this inquiry and Director Lizette Egea-Hinton confirmed this resolution. Temp Christina Lugo asked Placement Specialist Plaintiff Benjamin Litman to resolve this inquiry to which he responded that he understood it to have already been resolved.

    B.    Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to contact the family again about this inquiry. Placement Specialist Plaintiff Benjamin Litman reiterated that in previous directives Deputy Ericka Washington and Director Lizette Egea-Hinton directed him not to work on any School Selection customer service tickets and to forward the ticket to the appropriate school selection general email address.

    C.    Placement Specialist Plaintiff Benjamin Litman asked if this directive had changed.

    D.    These confusing and conflicting directives caused by OSEP executives further necessitates the need for written instructions.

E.     Director Lizette Egea-Hinton responded with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman.

F.     Placement Specialist Plaintiff Benjamin Litman reiterated that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access.

G.     Placement Specialist Plaintiff Benjamin Litman warned Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette Egea-Hinton escalated her harassment of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

114.   From June 1, 2023 to June 2, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman referred Temp Christina Lugo to the general School Selection email address for this specific inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to answer this customer service ticket despite not being involved in the School Selection process. Placement Specialist Plaintiff Benjamin Litman responded using the OSEP general email address with a stock response. Director Lizette Egea-Hinton responded with a rule specifically only for Placement Specialist

42

Plaintiff Benjamin Litman to reply using his direct School District of Philadelphia email address.

115.    On June 2, 2023, Deputy Ericka Washington provides written clarification on her expectations for PTO vacation notices.

116.    On June 2, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman contacted Director Lizette Egea-Hinton for advisement due to the school climate safety nature of the inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to assist the family with identifying the appropriate program for the student. Placement Specialist Plaintiff Benjamin Litman reminded Director Lizette Egea-Hinton that she removed him from all enrollment and placement work duties. Furthermore, he asked who handles this work duty. Director Lizette Egea-Hinton demanded that Placement Specialist Plaintiff Benjamin Litman regurgitate the information on the School District of Philadelphia website to this family. When Placement Specialist Plaintiff Benjamin Litman observed that Director Lizette Egea-Hinton did not understand the concepts, work flows, and nuance of this particular matter, he responded by highlighting the potential disciplinary and mitigating circumstances involved in this case that require access to the Student Information Systems and Online Registration work tools that Director Lizette Egea-Hinton removed from him. No response was given.

117.    From June 7, 2023 to June 8, 2023, Temp Kionne Grant sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket. Placement Specialist Plaintiff Benjamin Litman responded that he is unable to complete this safety enrollment and placement that involves student discipline and asks for advisement from Director Lizette Egea-Hinton.

43

Director Lizette Egea-Hinton directs Temp Kionne Grant to contact the Director of Student Discipline Karly Pulcinella and sends to all OSEP workers an insult directed at Placement Specialist Plaintiff Benjamin Litman calling him lazy/ unwilling to work.

118.    On June 12, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting and team meeting with Placement Specialist Plaintiff Benjamin Litman.

119.    From June 12, 2023 to June 15, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with an Online Registration missing address without access to essential work tools. Director Lizette Egea-Hinton directs Placement Specialist Plaintiff Benjamin Litman to complete all the information relevant to this transfer request and give it to Temp Christina Lugo to complete. Placement Specialist Plaintiff Benjamin Litman sent a step-by-step instruction list to Temp Christina Lugo and Director Lizette Egea-Hinton to resolve this inquiry. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to follow-up with the family. However, he responded that no family contact information was provided in the customer service ticket. Director Lizette Egea-Hinton met this request with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterates that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access. Placement Specialist Plaintiff Benjamin Litman warned Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette Egea-Hinton escalated her harassment

44

of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

120.    From June 12, 2023 to June 15, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with a kindergarten enrollment without access to essential work tools and unclear OSEP webpage instructions. Director Lizette Egea-Hinton responded with "Benjamin, I think you have the knowledge, expertise and information to respond to this parent's inquiry." This response was received by Placement Specialist Plaintiff Benjamin Litman as demeaning, sarcastic, unprofessional given Director Lizette Egea-Hinton's removal of his essential work tools access, not addressing his questions in a meaningful way/ acknowledgement of any problems, and not fulfilling her obligation as a director to support her staff to do their jobs. Placement Specialist Plaintiff Benjamin Litman provided a bullet list of simple unclear unwritten instructions related to this work flow. Director Lizette Egea-Hinton met this request with escalated harassment in front of Secretary Deborah Moore and Temp Christina Lugo in an attempt to further embarrass and alienate Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterates that Director Lizette Egea-Hinton removed his access to essential work tools and requested restored access. Placement Specialist Plaintiff Benjamin Litman warned

45

Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. Director Lizette Egea-Hinton escalated her harassment of Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman reiterated and rephrased his warning to Director Lizette Egea-Hinton of consequences for defamation and that any issues with his work performance falls on her as his supervisor for failure to use his talents. He also included a claim that Director Lizette Egea-Hinton attempted to falsify documentation and create a false narrative to defame Placement Specialist Plaintiff Benjamin Litman. No response was received.

121.    On June 14, 2023, IT returns Placement Specialist Plaintiff Benjamin Litman's School District of Philadelphia work laptop to him.

122.    On June 14, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Director Lizette Egea-Hinton included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with a transfer and an online registration requests without access to essential work tools. Director Lizette Egea-Hinton directs Placement Specialist Plaintiff Benjamin Litman to complete all the information relevant to this transfer request and give it to Temp Christina Lugo to complete. Placement Specialist Plaintiff Benjamin Litman responds to this family's transfer request from the OSEP general email address. No further responses were given. This exchange occurred twice with two customer service tickets.

123.    From June 14, 2023 to June 20, 2023, Placement Specialist Plaintiff Benjamin Litman requested an update on the status of his grievances and like-kind transfer. Vice President Arlene Kempin blamed the School District of Philadelphia for blocking (later blaming Sheila

Wallin) his like-kind transfer request and that his lost compensation grievance was successful. Payroll had this lost compensation ready to payout. This response took several additional emails from Placement Specialist Plaintiff Benjamin Litman. No further response was received from the PFT.

124.    From June 14, 2023 to June 23, 2023, Director Lizette Egea-Hinton sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with Temp Christina Lugo included. Placement Specialist Plaintiff Benjamin Litman asks for clarification from Director Lizette Egea-Hinton on how he can assist with an IEP based special education placement request without access to essential work tools. Director Lizette Egea-Hinton referred Placement Specialist Plaintiff Benjamin Litman to inaccurate work tools and he informed Director Lizette Egea-Hinton about these inaccurate work tools. Director Lizette Egea-Hinton directed Placement Specialist Plaintiff Benjamin Litman to email the Office of Diverse Learners which he did. Case Manager Sarah Karpovich emailed Temp Kionne Grant about this case a week prior. Placement Specialist Plaintiff Benjamin Litman included the OSEP general email address for further assistance. Case Manager Sarah Karpovich and Director Lizette Egea-Hinton emailed back and forth about student record information of which Placement Specialist Plaintiff Benjamin Litman's access to was revoked. Director Lizette Egea-Hinton made a vague directive to have Placement Specialist Plaintiff Benjamin Litman communicate IEP-directive placements to the family. When he asked for clarification, Director Lizette Egea-Hinton berated him for asking the question. Case Manager Sarah Karpovich offered to communicate with this family and was refused to do so by Director Lizette Egea-Hinton. Placement Specialist Plaintiff Benjamin Litman requested access from Director Lizette Egea-Hinton to the Student Information System in order to complete this

task. Director Lizette Egea-Hinton mocked Placement Specialist Plaintiff Benjamin Litman for requesting access to essential work tools and completed the task herself rather than appropriately delegate.

125.    From June 16, 2023 to June 22, 2023, Director Lizette Egea-Hinton was out of the office.

126.    From June 16, 2023 to June 23, 2023, Director Lizette Egea-Hinton barred Placement Specialist Plaintiff Benjamin Litman from using the OSEP general email address in an email directive sent to him and Temp Christina Lugo. Placement Specialist Plaintiff Benjamin Litman responded by asking if this directive was disseminated office-wide or was it sent only to him. Director Lizette Egea-Hinton did not reply with proof. Placement Specialist Plaintiff Benjamin Litman asked for written instructions for this newly changed work flow, restored access to essential work tools, and what is the new work flow for the OSEP general email address. Director Lizette Egea-Hinton did not reply with any answers to these questions. Placement Specialist Plaintiff Benjamin Litman repeated his questions and included a request for a copy of the alleged official directive disseminated to all OSEP workers. Director Lizette Egea-Hinton calls the OSEP general email address "not a work tool" and continues to refuse to answer Placement Specialist Plaintiff Benjamin Litman's questions while also retracting her claim of this being a directive to a correspondence. Placement Specialist Plaintiff Benjamin Litman questions the level of compliance of this communication and asks what is the classification of the OSEP general email address if it is not a work tool. Placement Specialist Plaintiff Benjamin Litman responds to the family's customer service ticket following the understood directed work flow and within the Superintendent's mandated timeline. Director Lizette Egea-Hinton blocks Placement Specialist Plaintiff Benjamin Litman

from contacting the OSEP general email address. Placement Specialist Plaintiff Benjamin Litman repeats his request for the written directive that Director Lizette Egea-Hinton claimed was disseminated office-wide. Director Lizette Egea-Hinton does not provide this written directive disseminated office-wide and does not respond further.

127.    On June 26, 2023, Director Lizette Egea-Hinton cancelled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman.

128.    On June 30, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

129.    From July 5, 2023 to July 12, 2023, Placement Specialist Plaintiff Benjamin Litman requests an update on his still unresolved grievances dating back to October 2022 and informs the union that Temp Scabs are replacing college education required union jobs. No response was received so Placement Specialist Plaintiff Benjamin Litman followed-up with the PFT on July 10, 2023. Vice President Arlene Kempin confirmed no actions were taken after their filing. This statement was a complete reversal from Vice President Arlene Kempin stating that back pay would be compensated after Payroll completed processing it. Given the PFT's gross fabrication of grievance support, Placement Specialist Plaintiff Benjamin Litman contacted PFT President Jerry Jordan. President Jerry Jordan did not respond.

130.    On July 6, 2023, Superintendent Anthony Watlington announces the hiring of Deputy Superintendent of Academic Services Dr. Jermaine Dawson.

131.    On July 10, 2023, Director Lizette Egea-Hinton sends Placement Specialist Plaintiff Benjamin Litman a customer service ticket. Placement Specialist Plaintiff Benjamin Litman

responds to the family's customer service ticket following the understood directed work flow and within the Superintendent's mandated timeline. Director Lizette Egea-Hinton harasses Placement Specialist Plaintiff Benjamin Litman for not obeying her previous discriminatory orders meant only for him and now sends out an office-wide correspondence meant to harass, embarrass, and belittle Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman acknowledges receipt of this new work flow and repeats his request for restored access to essential work tools. No response was provided. This email exchange occurred twice.

132.    On July 11, 2023, The School District of Philadelphia's computer network crashed for the work day.

133.    On July 12, 2023, through to July 14, 2023, Director Lizette Egea-Hinton sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket with newly hired former temp Christina Lugo included. Placement Specialist Plaintiff Benjamin Litman followed-up with the family following the last written work flow that stated Christina Lugo manages the OSEP general email address. Placement Specialist Plaintiff Benjamin Litman referred to Christina Lugo as the staff member who will follow-up. Director Lizette Egea-Hinton harassed Placement Specialist Plaintiff Benjamin Litman for not following an uncommunicated and unwritten work flow. Placement Specialist Plaintiff Benjamin Litman requested restored access to essential work tools in order to meet Director Lizette Egea-Hinton's request. Director Lizette Egea-Hinton ignores this request for restored access to essential work tools and further harasses Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman tactfully communicates everything in this email thread to the family, PFT, and others while attaching the relevant School Board policy.

This email thread is repeated on four email threads for four different customer service tickets. This included one customer service ticket in which Director Lizette Egea-Hinton harassed Placement Specialist Plaintiff Benjamin Litman for contacting the Student Health general email address about a family's immunization question. Director Lizette Egea-Hinton stated that Placement Specialist Plaintiff Benjamin Litman has "all of the necessary tools and information to respond." Student Health later responded to the family's inquiry.

134. On July 13, 2023, Director Lizette Egea-Hinton was out-of-the-office for the work day.

135. From July 13, 2023 to July 14, 2023, PFT Vice President Arlene Kempin contacted Placement Specialist Plaintiff Benjamin Litman to confirm if the School District of Philadelphia offered him a transfer and that he declined this offer. This offer story is completely fabricated, false, untrue, and a lie. No position was ever offered to Placement Specialist Plaintiff Benjamin Litman for a transfer.

136. On July 14, 2023, Sheila Wallin sent a defective SEH-204 Hearing Notice to Placement Specialist Plaintiff Benjamin Litman without any supporting documentation to substantiate the conclusionary documents as demanded according to the PFT CBA, which furthered the defamation to the Plaintiff. No virtual or in-person attendance information was provided. Placement Specialist Plaintiff Benjamin Litman immediately urgently contacted the PFT as a union grievance. The PFT provided no support on this date from any staff member to a dues paying union member.

137. On July 19, 2023, Sheila Wallin sent a Zoom link for the Hearing that was not previously provided by her on July 14, 2023.

138.    Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment were not included in the School District of Philadelphia's records for this case and appear to have been destroyed, by Sheila Wallin or Dr. Karen Kolsky, in violation of the public school code.

139.    Placement Specialist Plaintiff Benjamin Litman asked Chief Karyn Lynch directly "Is it true that you are blocking my like-kind transfer?" and Chief Karyn Lynch said nothing and stared at Placement Specialist Plaintiff Benjamin Litman.

140.    On July 21, 2023, Plaintiff Benjamin Litman provided a written response to the alleged hearing of July 19, 2023.

141.    On July 23, 2023, Plaintiff Benjamin Litman submitted a complaint regarding the denial of his request for reasonable accommodations for his disabilities to Civil Rights Enforcement Section of the Pennsylvania Office of Attorney General, The Pennsylvania Human Relations Commission, and again to The Equal Opportunity Employment Commission.

142.    On July 24, 2023, after work hours on this Monday, Director Lizette Egea-Hinton revoked Placement Specialist Plaintiff Benjamin Litman's single day of PTO (paid time off) for the summer of 2023. This PTO day is Placement Specialist Plaintiff Benjamin Litman's birthday. This PTO day repeal occurred within about one business day of Placement Specialist Plaintiff Benjamin Litman's written response to the hearing held on July 19, 2023.

143.    On July 25, 2023, Placement Specialist Plaintiff Benjamin Litman emails School District of Philadelphia and PFT Union executives among others about this apparent malicious retaliatory act of ill will by Director Lizette Egea-Hinton. Director Lizette Egea-Hinton approved this birthday paid time off (PTO) on April 27, 2023 and rescinded it in less than 24 hours. Placement Specialist Plaintiff Benjamin Litman questioned the PFT's

protection of membership and the allowance for union members to be subjected to these work environments. Vice President Arlene Kempin responds saying that this PTO repeal decision be reversed and later stated that the birthday PTO is still approved. Placement Specialist Plaintiff Benjamin Litman states that Director Lizette Egea-Hinton removed his access to the essential work tools such as Student Information Systems, Online Registration, and School Selection. Placement Specialist Plaintiff Benjamin Litman asks what work does Director Lizette Egea-Hinton expect him to complete tomorrow-only.

144.     On or about July 25, 2023, Vice President Arlene Kempin then attempts to shield Director Lizette Egea-Hinton from the consequences of her actions and cover-up her clear personal attack against Placement Specialist Plaintiff Benjamin Litman. The PTO day was labeled in Director Lizette Egea-Hinton's School District of Philadelphia-issued calendar as "Benjamin Litman Birthday PTO." Placement Specialist Plaintiff Benjamin Litman emails Director Lizette Egea-Hinton directly with union representation included to get a direct response to the PTO repeal or approval from her as his direct supervisor. Director Lizette Egea-Hinton did not respond. Placement Specialist Plaintiff Benjamin Litman emailed the School District of Philadelphia Director of Payroll Eileen Pelzer to confirm that the SEH-86 PTO form was submitted to her office.

145.     On July 26, 2023, Director Eileen Pelzer confirmed that this form is processed through the employee's department. Placement Specialist Plaintiff Benjamin Litman calls Director Lizette Egea-Hinton's direct office phone and she did not answer the call. Placement Specialist Plaintiff Benjamin Litman follows-up with an email to Directors Lizette Egea-Hinton, Eileen Pelzer, and union executives to confirm Director Lizette Ega-Hinton caused this birthday PTO problem and never confirmed its resolution. So, the birthday PTO will

remain honored as originally noted on April 27, 2023. Placement Specialist Plaintiff Benjamin Litman took his PTO for his birthday without further disruption.

146.     On July 27, 2023, Placement Specialist Plaintiff Benjamin Litman followed-up with union executives to again ask for updates on his grievances and the hearing held on July 19, 2023. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. Placement Specialist Plaintiff Benjamin Litman explicitly remarks on Director Lizette Egea-Hinton's clear harassment and unprofessionalism.

147.     On July 28, 2023, OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

148.     From July 28, 2023, to July 31, 2023, Temp Christina Lugo sent Placement Specialist Plaintiff Benjamin Litman a customer service ticket on April 24, 2023. Placement Specialist Plaintiff Benjamin Litman responded to this customer service ticket within one business day and it was resolved on April 27, 2023. The family contacted Placement Specialist Plaintiff Benjamin Litman on July 28, 2023 with questions regarding the 23-24 School Year Baldi overcrowding catchment. Placement Specialist Plaintiff Benjamin Litman forwarded this customer service ticket to Director Lizette Egea-Hinton with another request for restored access to essential work tools in order to resolve this new inquiry from this family. Placement Specialist Plaintiff Benjamin Litman received an out-of-office email from Director Lizette Egea-Hinton so he followed-up with her Secretary Deborah Moore on the restored essential

work tools access and who should handle this ticket in Director Lizette Egea-Hinton's absence if it could not wait until her return. Secretary Deborah Moore did not respond.

149.    On July 31, 2023, The School District of Philadelphia posted an opening for a Director of Employee Labor Relations.

150.    On July 31, 2023, Plaintiff Benjamin Litman submitted a complaint about the denial of his request for reasonable accommodations and retaliatory discipline for seeking accommodations, to The Mayor's Office for People with Disabilities, Mayor's Commission on People with Disabilities, and the City of Philadelphia -- Office of the Mayor, which was acknowledged by Khalia Jackson.

151.    On August 2, 2023, Placement Specialist Plaintiff Benjamin Litman sends a third update request to the PFT on his unresolved grievances dating to October 2022, like-kind transfer request, and resolution to the latest hearing held on July 19, 2023. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. PFT Vice President Arlene Kempin responded by confirming that she is not doing her job and fulfilling her fiduciary obligations as a union executive. Vice President Arlene Kempin has taken no actions at all on behalf of dues paying union member Placement Specialist Plaintiff Benjamin Litman.

152.    On August 3, 2023, Superintendent Anthony Watlington announced the 2023-2024 School Selection process dates and changes.

153.    On August 9, 2023, Placement Specialist Plaintiff Benjamin Litman receives a defective hearing notice from Sheila Wallin and reports it to Superintendent Anthony Watlington and union executives the same day. Placement Specialist expands on the railroading of this hearing process in an email. Placement Specialist Plaintiff Benjamin

Litman sends an urgent fourth update request to the PFT about his grievances, like-kind transfer, and this hearing process. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. Placement Specialist Plaintiff Benjamin Litman also raises concerns about union oligarchy, apathy, and corruption citing Dr. Robert Putnam. Vice President Arlene Kempin allows for the School District of Philadelphia to continue this hearing process in explicit violation of the PFT CBA. Placement Specialist Plaintiff Benjamin Litman sends an urgent fifth update request to the PFT about his grievances, like-kind transfer, and this hearing process. These grievances date back to October 2022. Placement Specialist Plaintiff Benjamin Litman questions Vice President Arlene Kempin's good faith representation for failing to answer these simple questions and how the School District of Philadelphia can swiftly move forward with their accusations but the PFT cannot with member grievances.

154.    From August 11, 2023 to August 15, 2023, Placement Specialist Plaintiff Benjamin Litman sends an urgent sixth update request to the PFT about his grievances, like-kind transfer, and this hearing process. These grievances date back to October 2022. Vice President Arlene Kempin mentions a Reasonable Accommodation form for the first-time. When Placement Specialist Plaintiff Benjamin Litman requested that Vice President Arlene Kempin send him this form. Vice President Arlene Kempin balks and refers him to the website and to go to the Office of Accommodations in-person. Placement Specialist Plaintiff Benjamin Litman finds Reasonable Accommodation forms that are attached to School Board policy 104. School Board policy 104 was eliminated by School Board action and nothing was put into effect as its replacement. Placement Specialist Plaintiff Benjamin Litman raises the questions and concerns about how this unsupported by School Board policy form was never presented

or mentioned to him in all the months that he has requested the reasonable accommodation for written instructions. Vice President Arlene Kempin called Placement Specialist Benjamin Litman to angrily yell at him for asking her to work, do her job, and support union members with what should be a very simple request. Attach a valid form for a Reasonable Accommodation request in an email. Vice President Arlene Kempin berated Placement Specialist Plaintiff Benjamin Litman for not accepting an outdated form connected to a repealed School Board policy.

155.    On August 14, 2023: Office of Diverse Learners Case Manager Rachel Szychulski contacted Placement Specialist Plaintiff Benjamin Litman about an Upper Level Transfer placement. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff Benjamin Litman received no further communications about this case except for notice of a phone call between Director Lizette Ega-Hinton and Office of Diverse Learners Director Tanya Bradley Watson. A second similar exchange occurred on the same day for an Autism Support case.

156.    Between August 15, 2023- August 17, 2023: Dr. Karen Kolsky informs Placement Specialist Plaintiff Benjamin Litman that the School District of Philadelphia has escalated hearing processes against him to a Second Level hearing. No evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate the School District of Philadelphia position. This absence of discovery is in direct violation to the PFT CBA. Dr. Karen Kolsky also misspelled Placement Specialist Plaintiff Benjamin Litman's name as "Benjamin Littman." Thereby documenting several ways in which this hearing notice was

defective and that Dr. Karen Kolsky is not familiar with this case. Dr. Karen Kolsky is a doctor of education and is also not an employment law professional. Placement Specialist Plaintiff Benjamin Litman informs Vice President Arlene Kempin about this defective notice. Placement Specialist Plaintiff Benjamin Litman informs Dr. Karen Kolsky about this defective notice and misspelling of his name. Vice President Arlene Kempin responds without answering any urgently and immediately relevant questions. Placement Specialist Plaintiff Benjamin Litman responds to union executives and others about the PFT CBA violations and no Reasonable Accommodation request form and procedure being produced. Vice Arlene Kempin sends Placement Specialist Plaintiff Benjamin Litman to Records Manager Matthew Rambo. Placement Specialist Plaintiff Benjamin Litman followed-up directly with Vice President Arlene Kempin that she could not find this Reasonable Accommodation request form which should be a simple attachment to send. Placement Specialist Plaintiff Benjamin Litman also noted that Deputy Michelle Chapman also failed to produce this form to Placement Specialist Plaintiff Benjamin Litman months ago and that Vice President Arlene Kempin has avoided answering PFT CBA violation questions. Dr. Karen Kolsky sends a spelling corrected Second Level Hearing notice but still failed to attach any discovery. Records Manager Matthew Rambo sends Placement Specialist Plaintiff Benjamin Litman the repealed Reasonable Accommodation request form under School Board Policy 104. Placement Specialist Plaintiff Benjamin Litman responds including Superintendent Anthony Watlington, union executives, and others to repeat his request for a current School Board approved Reasonable Accommodation request form by COB. Records Manager Matthew Rambo transfers Placement Specialist Plaintiff Benjamin Litman to Director of Human Resources Burnett Coke. Director Burnett Coke refers Placement Specialist Plaintiff

Benjamin Litman back to the Office of Accommodations with a Reasonable Accommodation request form that has been altered only for him to remove all mention of School Board repealed Policy 104. Placement Specialist Plaintiff Benjamin Litman sends an email documenting a partial summary to some of the immediate issues escalated in this three-business day window. Placement Specialist Plaintiff Benjamin Litman emailed PFT President Jerry Jordan because no PFT union representation has contacted him for Second Level Hearing preparation and PFT CBA violations. Vice President Arlene Kempin gives a non-PFT CBA-compliant answer to the disciplinary hearing process. Vice President PFT Arlene Kempin also further confirms her not in good faith union representation by trying to justify blocking union member like-kind transfers and stating that a transfer form was also required. This email is the first-time Vice President Arlene Kempin mentioned any paperwork requirements to receiving a like-kind transfer. Placement Specialist Plaintiff Benjamin Litman notes that the PFT is not defending union members and union jobs. PFT President Jerry Jordan will not meet with him to prepare for this hearing so the PFT has waived its representative seat and Placement Specialist Plaintiff Benjamin Litman intends to bring legal representation to the hearing on 8/21/23. Placement Specialist Plaintiff Benjamin Litman sends an email documenting a partial summary to some of the immediate issues escalated in this three-business day window.

157.     August 16, 2023: Rhawnhurst Secretary Leslie Stones contacted Placement Specialist Plaintiff Benjamin Litman about Kindergarten overcrowding placements and waitlist. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff

Benjamin Litman received a bounced back email from Placement Specialist Theresea Samuel's email address. He was later informed that Theresa Samuel retired and that he was excluded from all knowledge, communication, and celebration about her retirement. A second similar exchange occurred on the same day for a Renaissance Charter School reassignment from Penn Treaty Secretary Francis Aponte.

158.    August 14, 2023 – September 15, 2023: Director Jay Muchemi informed staff of this blackout period for all paid time off (PTO) requests.

159.    August 18, 2023: In the absence of a School Board approved policy and procedure for ADA-compliant Reasonable Accommodation requests, Placement Specialist Plaintiff Benjamin Litman submits his own Reasonable Accommodation Request Letter that is retroactively dated to his start-date.

160.    August 21, 2023: Dr. Karen Kolsky sent a defective Zoom link for this Hearing. Placement Specialist Plaintiff Benjamin Litman's employee letters of attachment were not included in the School District of Philadelphia's records for this case and appear to have been destroyed. Sheila Wallin left this hearing early. All other participants did not come prepared with facts, evidence, witnesses, records, and any other form of proof were submitted at this time to substantiate their position, other than Placement Specialist Plaintiff Benjamin Litman and his team. The School District of Philadelphia participants were not aware of any Reasonable Accommodation request form and did not confer with human resources prior to this hearing.

161.    August 22, 2023: The School District of Philadelphia announces a training on: Harassment & Discrimination of Students.

162.      August 24, 2023: Director Jay Muchemi removed Placement Specialist Plaintiff Benjamin Litman from the 2023 School Opening Logistics and Coverage meeting. Director Jay Muchemi confirmed that she accidently sent this meeting notice to Placement Specialist Plaintiff Benjamin Litman and that the executives in the Office of Student Enrollment and Placement are actively and intentionally barring Placement Specialist Plaintiff Benjamin Litman from participation in department meetings, trainings, etc.. When Placement Specialist Plaintiff Benjamin Litman questioned these intentional actions to exclude and alienate him. He asked who ordered these actions and made it clear that all work performance questions about Placement Specialist Plaintiff Benjamin Litman are a reflection on the OSEP executives.

163.      August 24, 2023 – August 25, 2023: Placement Specialist Plaintiff Benjamin Litman's employee portal crashed. An IT service ticket was submitted and resolved.

164.      On August 23, 2023, Plaintiff submitted his complaint to the United States Equal Employment and Opportunity Commission, by e-mail to U.S. EEOC-Philadelphia District Office, 801 Market Street, Suite 1000, Philadelphia, PA 19107-3127, entitled "Ben Litman's First Response to Hearing on 8/21/23" and no action was taken to Plaintiffs' knowledge.

165.      On August 23, 2023, Plaintiff submitted his complaint to the United States Equal Employment and Opportunity Commission, by e-mail to the Pennsylvania Ethics Board, entitled "Ben Litman's First Response to Hearing on 8/21/23" and no action was taken to Plaintiffs' knowledge.

166.      August 29, 2023: Office of Diverse Learners Case Manager Sarah Karpovich contacted Placement Specialist Plaintiff Benjamin Litman about a student placement history. Placement Specialist Plaintiff Benjamin Litman informed her about his revoked access to the

essential work tools in order to assist her and his efforts to have this access restored. He also escalated this matter to Director Lizette Egea-Hinton to assist. Placement Specialist Plaintiff Benjamin Litman received no further communications about this case.

167.     August 29, 2023: Dr. Karen Kolsky without any provision of proof suspends Placement Specialist Plaintiff Benjamin Litman without pay and recommends termination of employment.

168.     Since August 9, 2023, until demanded by Defendants to discontinue Plaintiff has submited continuing daily check-in and requests for all supporting records of their retaliation investigation and his request for reasonable accommodations, by the official email system to several School District of Philadelphia executives, relevant offices (including the Office of Accommodations,) attorneys, and union executives, in furtherance of his union grievances.

169.     September 5, 2023: Superintendent Anthony Watlington announces a new vision for the School District of Philadelphia that does not match the actions against Placement Specialist Plaintiff Benjamin Litman.

170.     September 7, 2023: Deputy Michelle Chapman recommends that Placement Specialist Plaintiff Benjamin Litman's employment become an attorney-directed matter. This message was repeated on September 13, 2023.

171.     September 17, 2023: Ronak Chokshi from the Office of General Counsel introduces himself as the attorney representing the School District of Philadelphia.

172.     September 29, 2023: Director Lizette Egea-Hinton revoked Placement Specialist Plaintiff Benjamin Litman's attendance for the OSEP Staff Meeting.

173.     October 1, 2023: Deputy Michelle Chapman repeats her recommendation that Placement Specialist Plaintiff Benjamin Litman's employment become an attorney-directed

matter. Deputy Michelle Chapman also falsely accuses Placement Specialist Plaintiff Benjamin Litman of not making a Reasonable Accommodation request to the Office of Accommodations. The Office of Accommodations has been included in Placement Specialist Plaintiff Benjamin Litman's daily workday emails. Deputy Michelle Chapman repeated this message on October 2, 2023 and directed Placement Specialist Plaintiff Benjamin Litman to contact Director of Human Resources Burnett Coke.

174.    October 2, 2023: Director of Human Resources Burnett Coke falsely claims that Placement Specialist Plaintiff Benjamin Litman never contacted the Office of Accommodations.

175.    October 10, 2023: The School District of Philadelphia Office of Communications announces a shirt sale through Hog Island Press for Director Colleen Landy-Thomas' department. This shirt sale promotion was repeated on October 17, 2023. Placement Specialist Plaintiff Benjamin Litman questions the relationship between Hog Island Press, Director Colleen Landy-Thomas, and her husband Placement Specialist Justin Thomas.

176.    October 18, 2023 – November 1, 2023: Director Jay Muchemi informs Placement Specialist Plaintiff Benjamin Litman that Suite 111 underwent a work station rearrangement and that she allegedly has his possessions locked away in her storage.

177.    Director Jay Muchemi appeared to be unaware that Placement Specialist Plaintiff Benjamin Litman previously removed all his possessions when he was sent to work remotely full-time.

178.    Placement Specialist Plaintiff Benjamin Litman asks about where his new cubicle work station is located and for an inventory of the items that she collected from his previous work station.

63

179.    Placement Specialist Plaintiff Benjamin Litman feared that underhanded tactics were in play and that defamatory items were placed in his former work station to attack and further defame his professionalism and character. Director Jay Muchemi did not respond. Assistant General Counsel Kristen Junod responded and stated that Placement Specialist Plaintiff Benjamin Litman's possessions were now in the hands of the Central Administration Educational Center security station.

180.    Director Jay Muchemi sent Placement Specialist Plaintiff Benjamin Litman an automated email stating slower response times in violation of Superintendent Anthony Watlington's directive and leading to the belief that the Office of Student Enrollment and Placement (OSEP) is short-handed.

181.    Placement Specialist Plaintiff Benjamin Litman was deeply unsettled that he as the most productive employee in that department, OSEP, was removed from all work when the department and School District of Philadelphia are clearly in disparate need of talented skilled knowledgeable assistance, as he was constructively terminated.

182.    October 24, 2023: Prevention and Intervention Deputy Jayme Banks sends an anti-harassment and discrimination message stating the School District of Philadelphia's commitment towards inclusivity.

183.    October 27, 2023: Director Lizette Egea-Hinton revoked Placement Specialist Plaintiff Benjamin Litman's attendance for the OSEP Staff Meeting.

184.    October 30, 2023: General Counsel Lynn Rauch is out-of-the-office for "a couple of days."

185.     November 2, 2023 – 1November 6, 2023: Assistant General Counsel Kristen Junod is out-of-the-office on the last weekend before election day and the last major GOTV (Get Out The Vote) push.

186.     November 3, 2023: Deputy Michelle Chapman is out-of-the-office on the last weekend before election day and the last major GOTV (Get Out The Vote) push.

187.     On November 10, 2023, the Plaintiff BNL is contacted by Attorney Rudolph Garcia, who announced he is the School Board arbitrator over Placement Specialist Plaintiff Benjamin Litman's employment case.

188.     Immediately, Plaintiff BNL requests to receive documentation that substantiates Attorney Rudolph Garcia having by resolution of the school board been appointed to conduct a hearing on behalf of the board of education, and is otherwise qualified as an independent hearing officer, which is refused by Attorney Rudolph Garcia.

189.     Ignoring repeated requests from the Plaintiff BNL for a copy of his authority from the school board, Attorney Rudolph Garcia issued a pre-hearing order that required each party to produce their evidence no later than three days before the hearing, which he unilaterally scheduled without protecting the Plaintiff's right to a fair hearing and to deny him his right to confront the witnesses against him.

190.     Placement Specialist Plaintiff Benjamin Litman chose to have a public hearing before the School Board, and not before a surrogate – namely Attorney Rudolph Garcia, and thus, since Attorney Garcia was not duly appointed to act in any capacity, he held no jurisdiction over this matter.

191.     The Defendant SD did not comply with the pre-hearing order to produce their records no later than three days in advance of the alleged hearing date, and when the Plaintiff BNL

moved to exclude all such records in accordance with the rules announced by Attorney Rudolph Garcia, Attorney Garcia declared that "what rules" and unilaterally and improperly acted to admit the untimely falsified records and perjurious testimony.

192.      Attorney Rudolph Garcia, in denying the Plaintiff's motion to exclude the district's exhibits and witnesses as untimely, replied that the hearing has no rules whatsoever, and this act further deprived Plaintiff Benjamin Litman of his due process rights and ignored his chosen appellate process as outlined in the PFT CBA. No evidence, witnesses, records, and any other form of proof were lawfully submitted at this time to substantiate the School District of Philadelphia position. Attorney Rudolph Garcia refused to provide written confirmation that the School Board duly appointed him as their surrogate, and did not provide a copy of any board resolution or letter disclosing his relationship with the School District of Philadelphia and his qualifications.

193.      November 17, 2023: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

194.      On November 29, 2023, the Plaintiffs commenced this legal action in state court, which was immediately brought to the attention of Attorney Rudolph Garcia, and that he no longer had jurisdiction over these proceedings.

195.      Plaintiff Benjamin Litman sought to enjoin the efforts of the Defendants to conduct a sham hearing on December 1, 2023, and moved the Court for an order to do so, but the false representation of Attorney David Brown, on behalf of Defendants, that Plaintiff Benjamin Litman had already been terminated caused the Court to deny the motion, and said attorney

then removed this case to federal court to avoid responding to discovery and being exposed as having violated the Rules of Professional Conduct.

196.     On December 1, 2023, Attorney Rudolph Garcia over objection of the Plaintiff BNL conducted a mock hearing in the Plaintiff's absence, without having been duly appointed to do so, and having conducted himself inappropriately as a hearing officer under the PFT CBA standards.

197.     On December 22, 2023: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided. Plaintiff provided notice of new employment prior to January 19, 2024.

198.     January 19, 2024: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

199.     January 23, 2024: Director Lizette Egea-Hinton scheduled a 1-1 meeting with Placement Specialist Plaintiff Benjamin Litman. Placement Specialist Plaintiff Benjamin Litman confirms virtual attendance. No virtual attendance link was provided.

200.     February 10, 2024: OSEP Staff Meeting scheduled. Placement Specialist Plaintiff Benjamin Litman accepted the invitation to attend this meeting with the provided virtual attendance option provided through Google Calendar. No virtual attendance link was provided.

201.     On February 12, 2024, Attorney Rudolph Garcia issued his unauthorized opinion that contains defamatory and false information, as well as conclusory statements without factual

information in support thereof, thereby failing to comply with the standards of local agency law in this Commonwealth.

202.     To date, the Plaintiff Benjamin Litman has not received any notification nor message from the district that he is no longer employed by the school district, and he continues to report for duty and receive electronic communications with the district e-mail system, and be able to participate in district communications and training services.

203.     On December 26, 2023, Plaintiffs directed discovery to all defendants.

204.     Plaintiffs filed a motion for pre-complaint discovery on November 29, 2023.

205.     Defendants demanded that the Plaintiffs file the instant complaint, rather than await the Court ruling upon said motion aforesaid, and to cause humiliation, shame, and distrust of the public of the School District of Philadelphia, and its Superintendent, General Counsel, School Board, the leadership of the PFT, and all the named Defendants, especially those working at the Office of Student Enrollment and Placement (OSEP).

206.     Plaintiff avers that the Defendants operate, individually and in collusion to hide their abuse of power and of their official duties, which code of conduct is embedded into the rigid institutional culture at the School District of Philadelphia that condones, permits, and defends the misuse of a government position for personal gain or pecuniary objectives.

207.     The Defendants, jointly and individually, acted to protect this culture of public corruption by forcing the immediate suspension without pay and benefits with intent to terminate any and all school district staff who threaten to expose to the public the collapse of lawful administration of the city's public school system.

208.     Plaintiff was discriminated against by The School District of Philadelphia, through its agents and employees named herein, to the point where a reasonable person in his position

would have felt compelled to resign and that he actually resigned or otherwise obtained substitute employment elsewhere, in an effort to mitigate damages.

209.    The Defendants, jointly and severally, have engaged in conduct that evidences a lack of respect for the law, which has been a significant factor in causing students within the school district to lack respect for the law as well.

### COUNT 1 – WHISTLEBLOWER PROTECTION ACT

210.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

211.    Pennsylvania's 'Whistleblower' Law protects state and local government employees, and employees of other publicly funded groups, from retaliation resulting from good faith reports, including to OSIG, of waste, fraud, and abuse. See, 43 P.S. 1421-1428.

212.    Specifically, the statute provides:

"(a) Persons not to be discharged – No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

(b) Discrimination prohibited – No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee is requested by an appropriate authority to participate in an investigation, hearing or inquiry held by an appropriate authority or in a court action." 43 P.S. 1423.

213.    Beginning in January 2023, the Plaintiffs sought documents from SCHOOL DISTRICT OF PHILADELPHIA under the Right to Know Law, for the records of defendants

69

Moore, Thomas, Egea-Hinton, and Washington, indicating that they sought in advance and were approved to hold outside employment that is in direct conflict with their official duties to the school district.

214. Defendant Chapman replied to the right to know request by admitting no such records exist, as the Code of Conduct that applies to all employees, and is the sole basis for the fabricated claims against the Plaintiff Benjamin Litman, does not apply to the employees' names at the Office of Student Enrollment and Placement (OSEP), since the code of conduct only applies to teachers, and no such official is assigned to receive such a request since 2015.

215. As the Plaintiff sought to compel the production of documents to indicate the aforesaid Defendants had not violated the Code of Conduct, the Defendants began to initiate retaliatory actions designed to place the Plaintiff Benjamin Litman's employment in jeopardy, by means of fabricating false and misleading claims placing the Plaintiff into a false light.

216. Plaintiff Benjamin Litman commenced requests to the Office of the General Counsel and the Office of the Inspector General for the school district to receive protections as a whistleblower for exposing corruption inside the Office of Student Enrollment and Placement (OSEP).

217.    Upon belief, Plaintiff's complaint was unofficially disclosed to the same individuals who subsequently contrived a false accusation against the Plaintiff.

218. Defendants, jointly and severally, acted in concert, combination and conspiracy to engage in a fraudulent scheme designed to terminate the employment of the Plaintiff Benjamin Litman, by use of false and defamatory allegations that are kept undisclosed to the Plaintiff Benjamin Litman, yet are the sole basis for suspending the Plaintiff Benjamin Litman from receiving pay and benefits while unlawful actions to constructively terminate the Plaintiff's employment continue, with

the objective to terminate school district employees that report public corruption and improper influence on district staff in the due performance of their job.

219. As a direct and proximate result of the actions, jointly and severally, of the Defendants, the Plaintiffs have been caused to suffer damages, loss of income, loss of benefits, reputation for being a fit employee, career advancement, and loss of economic horizons.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs, and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

## COUNT 2 – DENIAL OF ACCOMMODATIONS UNDER
## THE AMERICANS WITH DISABILITY ACT

220. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

221. Title I of the Americans with Disabilities Act of 1990 (the "ADA") 42 U.S.C. §§ 12101-12117, 12201-12213 (1994) (codified as amended), requires an employer, employment agencies, labor organizations, and joint labor-management committees to provide reasonable accommodations. See 42 U.S.C. § 12112(a), (b)(5)(A) (1994). To provide reasonable accommodation

71

to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship. "In general, an accommodation is any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. pt. 1630 app. § 1630.2(o) (1997).

222. There are three categories of "reasonable accommodations":

"(i) modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

(ii) modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or

(iii) modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(i-iii) (1997).

223. ADA disabilities include both mental and physical medical conditions.

224. The ADA requires employers to provide reasonable accommodations to individuals with disabilities, including reassignment, even though they are not available to others. Therefore, an employer who does not normally transfer employees would still have to reassign an employee with a disability, unless it could show that the reassignment caused an undue hardship. And, if an employer has a policy prohibiting transfers, it would have to modify that policy in order to reassign an employee with a disability, unless it could show undue hardship.

72

225.    The duty to provide reasonable accommodation is a fundamental statutory requirement because of the nature of discrimination faced by individuals with disabilities. Although many individuals with disabilities can apply for and perform jobs without any reasonable accommodations, there are workplace barriers that keep others from performing jobs which they could do with some form of accommodation. These barriers may be physical obstacles (such as inaccessible facilities or equipment), or they may be procedures or rules (such as rules concerning when work is performed, when breaks are taken, or how essential or marginal functions are performed). Reasonable accommodation removes workplace barriers for individuals with disabilities.

226.    Defendants were aware at all times material hereto that the Plaintiff Benjamin Litman was seeking reasonable accommodation for his disabilities, and that his requested accommodation was the supplying of written instructions or guidelines for the enrollment, placement, and registration of students in the school district, due to the introduction by the Defendant Lizzette Egea-Hinton and Defendant Ericka Washington of contradictory oral modifications of the procedures the Plaintiff(s) have been provided upon being trained for their employment with the school district.

227.    There are a number of possible reasonable accommodations that an employer may have to provide in connection with modifications to the work environment or adjustments in how and when a job is performed. These include:

- making existing facilities accessible;

- job restructuring;

- part-time or modified work schedules;

- acquiring or modifying equipment;

73

- changing tests, training materials, or policies;

- providing qualified readers or interpreters; and

- reassignment to a vacant position.

228. A modification or adjustment is "reasonable" if it "seems reasonable on its face, i.e., ordinarily or in the run of cases;" this means it is "reasonable" if it appears to be "feasible" or "plausible."

229. An accommodation also must be effective in meeting the needs of the individual. In the context of job performance, this means that a reasonable accommodation enables the individual to perform the essential functions of the position. Similarly, a reasonable accommodation enables an applicant with a disability to have an equal opportunity to participate in the application process and to be considered for a job. Finally, a reasonable accommodation allows an employee with a disability an equal opportunity to enjoy the benefits and privileges of employment that employees without disabilities enjoy.

230. The School District of Philadelphia (SD) was at all times material hereto required to provide reasonable accommodations to the Plaintiff Benjamin Litman, and all employees with disabilities.

231. Defendants, jointly and severally, denied the Plaintiff Benjamin Litman any and all reasonable accommodations, especially the requested accommodation of written instructions or guidelines.

74

232.     It is believed, and therefore averred, that the motivation of the Defendants to hide from public knowledge that they are engaging in the handling of student registration, enrollment, and placement within the School District of Philadelphia for personal financial or other pecuniary gain.

233.     To date, the Defendants have not provided the Plaintiffs any reasonable accommodations nor any effective accommodations whatsoever.

234.     The defendants repeal or rescission of Board Policy 104 was intended to deprive all district employees from having a process for requesting reasonable accommodations for employees having a disability, and none was adopted in its stead to this date.

235.     As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of safety in the workplace for those with disabilities.

236.     As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of protection under the ADA.

237.     As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiffs have suffered damages, harm, and lack of procedure for employees to request reasonable accommodations for those with disabilities.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or

suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs, and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

## COUNT 3 – DEFAMATION

238.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

239.    Defendants communicated false statements purporting to be fact of and concerning the Plaintiff Benjamin Litman, to third parties.

240.    All false and incorrect statements and electronic communications about the Plaintiff Benjamin Litman were published or communicated to a third persons.

241.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

242.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or some harm caused to his reputation as the person or entity who is the subject of the statement.

243.    All said statements were understood as being of and concerning the plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts of defamation against

the Plaintiff and enjoin the Defendants from conducting discipline and/or termination proceedings based on hearsay and without having provided a full and fair hearing allowing for the subject employee to confront all evidence and witnesses, with due process and equal protection, and for such other relief as the court deems just and proper.

## COUNT 4 – DENIAL OF CIVIL RIGHTS

244.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

245.    Under the CBA, both the SCHOOL DISTRICT OF PHILADELPHIA (SD) and PHILADELPHIA FEDERATION OF TEACHERS (PFT) are contracted to collaborate to promote a safe and appropriate work environment for all employees of the SCHOOL DISTRICT OF PHILADELPHIA, subject to the CBA.

246.    The Defendants, jointly and severally, have breached said contract, by promoting hate in the workplace at the SCHOOL DISTRICT OF PHILADELPHIA, and by creating a hostile work environment for all employees with disabilities or handicaps who require reasonable accommodations to perform their typical work duties, particularly after rescinding Board Policy 104 and not adopt a replacement policy for employees seeking accommodations under the ADA.

247.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

248.    The acts or omissions to act of the Defendants, jointly and severally, deprived the Plaintiff Benjamin Litman, and all others similarly situated, of their civil rights as protected full time employees of the SCHOOL DISTRICT OF PHILADELPHIA, under the CBA.

249.    The acts or omissions to act of the Defendants, jointly and severally, deprived the Plaintiff Benjamin Litman, and all others similarly situated, of their rights under the Americans with Disability Act to have reasonable accommodations to perform their work duties, which for the Plaintiff Benjamin Litman are written guidelines or instructions to perform student placements within the school district, as said Plaintiff's learning disabilities include autism spectrum disorder, ADD, ADHD, ODD, and auditory processing disorder.

250.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

251.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or harm caused by the deprivation of their civil rights, including harm to reputation, loss of income, loss of benefits, damage to his career, and loss of pension benefits and such other damages as will be revealed in the course of discovery.

252.    All said statements were understood as being of and concerning the plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts to deny the plaintiffs their abilities to enjoy a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from creating a hostile work environment for the Plaintiffs, and permitting permanent full time employees to be subjected to discipline and/or termination of employment based on hearsay and without having

provided to the Plaintiffs a full and fair hearing allowing for the Plaintiffs to confront all evidence and witnesses, within the due boundaries of due process and equal protection, and for such other relief as the court deems just and proper.

## COUNT 5 – WRONGFUL TERMINATION

253.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

254.    Plaintiff Benjamin Litman until the Defendants initiated their scheme or plan to wrongfully discharge the Plaintiff was the employee with the most or highest amount regularly of student enrollments and/or placements.

255.    Due to the high level of productivity and efficiency of the Plaintiff Benjamin Litman, having placed more students within OSEP than any other individual co-worker in School Years 2020-21, 2021-22, and when able to use the system in 2022-23, the Defendants Muchemi, Thomas, Moore, Egea-Hinton, and Washington were comparatively revealed to be far below acceptable task completion rates, thereby causing all said Defendants to resent and dislike the Plaintiff Benjamin Litman for his honesty, integrity and good work, as well as being a conscientious hard worker.

256.    All Defendants who alleged the Plaintiff Benjamin Litman acted in violation of the code of conduct were the same employees that had been the subject of the Plaintiffs' right to know request.

257.    Defendants asserted the code of conduct does not apply to their actions, although they assert the code of conduct applies to their co-worker, the Plaintiff Benjamin Litman.

258.    The Defendants. jointly and severally, retaliated against the Plaintiff Benjamin Litman by fabricating false and malicious statements intended to lead to his termination of employment, to

avoid the public awareness and distain for their public corruption and misuse of official duties for personal interests or personal financial gain or remuneration.

259.    Defendants, jointly and severally, have reassigned Plaintiff Benjamin Litman to work remotely, and then began to eliminate the computer connectivity of his work station with the School District, including eliminating access to the portal and/or data base for student enrollment and placement determinations, especially school enrollment figures and available classrooms for all district school properties.

260.    These actions by the Defendants, jointly and severally, have made the working conditions for the Plaintiff Benjamin Litman so intolerable that he can no longer work for the employer, school district.

261.    The working environment was so unusually adverse that a reasonable employee in their position would have felt compelled to resign.

262.    The defendants, jointly and severally, either intended to force such resignation by the Plaintiff or had actual knowledge of the intolerable working conditions.

263.    The defendants, jointly and severally, have wrongfully engaged in a scheme or plan to wrongfully terminate the Plaintiff Benjamin Litman, from his employment with the SCHOOL DISTRICT OF PHILADELPHIA.

264.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

80

265.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages, or some harm caused to his reputation as the person or entity who is the subject of the statement.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and restore the Plaintiff to their position with all back pay and benefits, and for such other relief as the court deems just and proper.

## COUNT 6 – BREACH OF CONTRACT

266.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

267.    Under the CBA, both the SCHOOL DISTRICT OF PHILADELPHIA (SD) and PHILADELPHIA FEDERATION OF TEACHERS (PFT) are contracted to collaborate to promote a safe and appropriate work environment for all employees of the SCHOOL DISTRICT OF PHILADELPHIA, subject to the CBA.

268.    The Defendants, jointly and severally, have breached said contract, by promoting hate in the workplace at the SCHOOL DISTRICT OF PHILADELPHIA, and by creating a hostile work environment for all employees with disabilities or handicaps who require reasonable accommodations to perform their typical work duties.

269.    All Defendants, individually and severally, are at fault for said false information and its communication to others, for acting carelessly, negligently, or recklessly with intent to cause harm amounts to at least negligence.

270.    As a direct and proximate result of the actions or omissions to act of the Defendants, jointly and severally, the Plaintiff has suffered damages through payment of union dues, or loss of

economic opportunities, which include loss of pay through vesting with pension, vacation time, paid time off, and other benefits, the value of said pension, and career opportunities for advancement.

271.    The Defendants, jointly and individually, have engaged in a violation of the National Labor Relations Act, 29 U.S.C. §§ 151-169, as the Plaintiff BNL has been seeking to protect union jobs within OSEP, as he exposed mistakes and errors done by non-union temporary staff working in OSEP without the requisite training, education, and skills.

272.    The Plaintiff BNL engaged in protect union activity under the National Labor Relations Act, 29 U.S.C. §§ 151-169.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and for such other relief as the court deems just and proper.

## COUNT 7 – FRAUD

273.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

274.    The PFT collects dues from the Plaintiffs in exchange for the Defendant PFT, its agents, servants and employees to provide competent and effective advocacy in the event said employee members are accused of impropriety.

275.    The Plaintiff Benjamin Litman never signed any document nor any authorization to the SCHOOL DISTRICT OF PHILADELPHIA to deduct payments for the PFT for the union health plan or otherwise.

276.    Due to the actions or omission to act by the PFT, within OSEP non-union outside staff was employed who did not satisfy the minimum standards for performing the duties they were assigned particularly those of a placement specialist, such as Plaintiff Benjamin Litman.

82

277.    As a direct result of the collusion between SD and PFT, union members are defrauded into contributing to the union funds believing that in the event they are faced with unfounded accusations that threaten their employment that a qualified and competent union representative would be provided, who would represent the union member's interests exclusively with fidelity.

278.    The SCHOOL DISTRICT OF PHILADELPHIA improperly deducted from the Plaintiff Benjamin Litman's pay since September 2020, money paid to the PFT.

279.    The PFT defrauded the Plaintiffs by falsely representing the competence and effectiveness of the Defendant Arlene Kempin, whom the PFT assigned as the sole person they employed for serving its membership at the central office in the advocacy role.

280.    As a direct and proximate result of the fraud and misleading the members of the PFT, the Plaintiffs herein, the Plaintiffs have been caused to sustain damages, which include all dues payments collected since the commencement of the current CBA.

WHEREFORE, Plaintiffs prays that this Honorable Court enter judgment in favor of the Plaintiffs, and against the Defendants, jointly and severally, for an amount in excess of compulsory arbitration under the Rules of Court, and to enjoin the Defendants from engaging in further acts of fraud to extract money from the plaintiffs under the guise of helping to create a work environment at The School District of Philadelphia that is free of discrimination towards those with disabilities, and free from retaliation for reporting improper or suspicious activities of other employees, and to compel the Defendants to cease and desist from making further fraudulent claims that payment of dues to the union provides the union member with competent and zealous advocacy for the Plaintiffs, and for the PFT, its agents servants and employees, to vigorously contest claims and allegations against all permanent full time employees subjected to discipline and/or termination of employment based on

83

hearsay and without a full and fair hearing that allows for the employee to confront all evidence and witnesses, with the protection of due process and equal protection, and for such other relief as the court deems just and proper.

Respectfully,

_____
Donald S. Litman, Esquire
Counsel for Plaintiffs

84

**VERIFICATION**

The information contained in the foregoing AMENDED COMPLAINT are true and based upon the signer's knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 PA.C.S.A. §4904, relating to unsworn falsification to authorities.

**Benjamin N. Litman, Plaintiff**

MARC E. BATT & ASSOCIATES
Donald Litman, Esquire
ID 54767
1500 JFK Blvd., Suite 1450            Attorneys for:      PLAINTIFFS
Two Penn Center
Phila. PA 19102
215-629-7225
donlitman@battlaw.us

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN NATHAN LITMAN     Et Al         :
                                      :
v.                                     : No. 2:24-cv-00278-TJS
                                      :
THE SCHOOL DISTRICT OF PHILADELPHIA    Et Al   :

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached Amended Civil Action Complaint,

was served upon the Defendants, or counsel, by means of the Court filing system.

                              Respectfully submitted,

                              MARC E. BATT & ASSOCIATES

February 21, 2024                  /s/ Donald Litman

                              Donald Litman, Esquire
                              ID 54767
                              1500 JFK Blvd., Suite 1450
                              Two Penn Center
                              Phila. PA 19102
                              215-629-7225
                              donlitman@battlaw.us