**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENJAMIN LITMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA, PHILADELPHIA** | : | |
| **FEDERATION OF TEACHERS, TONY B.** | : | |
| **WATLINGTON, SR., KARYN LYNCH,** | : | |
| **LETICIA EGEA-HINTON, ARLENE** | : | |
| **KEMPIN, BURNETT COKE, LIZETTE** | : | |
| **EGEA-HINTON, ERICKA WASHINGTON,** | : | |
| **DEBORAH MOORE, JUSTIN THOMAS,** | : | |
| **COLLEEN LANDY-THOMAS, COLLEEN** | : | |
| **MCINTYRE OSBORNE, MICHELLE** | : | |
| **CHAPMAN, KRISTEN JUNOD, JEREMY** | : | |
| **GRANT-SKINNER, DR. KAREN KOLSKY,** | : | |
| **SHEILA WALLIN and JAY MUCHEMI** | : | **NO. 24-278** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                         **July 10, 2024**

This action arises out of the suspension and termination of plaintiff Benjamin Litman's employment with the School District of Philadelphia (SDP). Litman alleges that the defendants failed to accommodate his autism spectrum disorder and learning disabilities, retaliated against him for investigating potential ethical violations at SDP, and conducted disciplinary proceedings in a way that was defamatory and noncompliant with the procedures set forth in the Collective Bargaining Agreement (CBA) between SDP and the Philadelphia Federation of Teachers (PFT). He names as defendants the SDP and fourteen SDP employees ("SDP defendants"); the PFT and its Vice President Arlene Kempin ("PFT defendants"); and Dr. Karen Kolsky and Sheila Wallin who were involved in his disciplinary proceedings ("Hearing defendants").

The voluminous Amended Complaint has seven counts. The sole apparent federal

claim is for violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.  Although Litman references several federal statutes, he does not link them to any factual allegations to make out federal causes of actions other than one under the ADA.  Some claims may have been intended as federal claims.  Others are clearly state law claims.

The Amended Complaint, consisting of 280 paragraphs, lumps all defendants together.  Yet, only some or none are implicated in the acts or omissions that relate to each of the asserted causes of action.

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  After reviewing each count as it applies to each defendant, we shall grant the motions in part and deny them in part.

Because Litman did not exhaust his administrative remedies, we shall dismiss his ADA claim against all defendants.  We shall dismiss the wrongful termination claim because he cannot bring such a claim as a union employee subject to a CBA.  We shall dismiss his claims for breach of contract and breach of duty of fair representation because federal labor law does not apply to public employers.  We shall dismiss the whistleblower retaliation claim against the Hearing defendants and the PFT defendants because they were not his employers.  We shall dismiss the defamation cause of action for failure to state a cause of action.

We decline to exercise supplemental jurisdiction over Litman's remaining state law claim for whistleblower retaliation against the SDP defendants.  Thus, we shall remand to the Philadelphia Court of Common Pleas.

**Plaintiff's Amended Complaint**

The facts are recited from the Amended Complaint.  As we must at this stage, we accept the facts as true and draw all reasonable inferences from them in Litman's favor.

Litman has autism spectrum disorder, ADD, ADHD, oppositional defiant disorder, and an auditory processing disorder.[1]  As a result, he has learning disabilities and difficulties with communication and social interactions.[2]

On September 14, 2020, SDP hired Litman as a Placement Specialist in the Office of Student Enrollment and Placement (OSEP).[3]  He is a member of the PFT union, which has a CBA with SDP.[4]

In spring of 2022, when OSEP changed its student enrollment and placement procedures, it did not provide employees written instructions.[5]  On several occasions, Litman requested written instructions in order to accommodate his auditory processing disorder.[6] He alleges that SDP refused his requests without explanation.[7] He then asked for a transfer, which he did not receive.[8]

During his employment, Litman investigated and reported practices at SDP he considered corrupt, including patronage hiring, placement of students based on staff's

---

[1] Am. Civil Action Compl. ¶¶ 9, 249, ECF No. 19 ["Am. Compl."].

[2] *Id.* ¶¶ 9, 11, 249.

[3] *Id.* ¶¶ 10, 60.

[4] *Id.* ¶¶ 10, 12, 15.

[5] *Id.* ¶ 63.

[6] *Id.* ¶¶ 64, 69, 72, 159.

[7] *Id.* ¶ 64.

[8] *Id.* ¶¶ 22, 50, 97, 151.

personal interests, staff members maintaining outside employment in conflict with their SDP duties, and replacing union employees with non-union employees.[9]

Litman contacted the Office of Inspector General to report misconduct by defendants Ericka Washington, Lizette Egea-Hinton, Justin Thomas, and Deborah Moore.[10]   On January 17, 2023, his counsel submitted a Right to Know request for documents relating to training, outside employment, and reports of SDP employees accepting gifts or money from parents of children seeking placement.[11]

On January 19, 2023, defendant Lizette Egea-Hinton, Litman's immediate supervisor, initiated disciplinary proceedings against him.[12]   According to Litman, Egea-Hinton falsely accused him of placing students "at risk," posing a "danger to the public," and causing "undue hardships."[13]   On April 26, 2023, SDP issued an Investigative Report addressing Litman's disciplinary issues.[14]   SDP then removed Litman's access to the

---

[9] *Id.* ¶¶ 4, 17, 66–68, 129.

[10] *Id.* ¶¶ 79, 81.

[11] *Id.* ¶ 82.  There were three items in attorney Donald Litman's request.  SDP provided documents in response to Item 2 and directed Litman to online reports in response to Item 3.  SDP stated that it had no records responsive to Item 1 seeking "all records referring and relating to applications of district employees assigned to the Office of Student Enrollment and Placement to be permitted to engage in outside employment."  SDP's Resp. to Donald Litman's Right to Know Request (attached as Ex. A to Am. Compl., ECF No. 19).

Litman appealed SDP's Response.  In opposing the appeal, SDP clarified that it does not require employees to seek approval for outside employment and that prohibitions on outside employment by School Board members and certain city officials do not apply to OSEP employees.  *Id.*  The Pennsylvania Office of Open Records denied Litman's appeal.  *See* Final Determination, Pa. Office of Open Records, *Donald Litman and Autism, LTD v. Philadelphia School District*, Docket No. AP 2023-0462.

[12] Am. Compl. ¶¶ 30, 83.

[13] *Id.* ¶¶ 93–94.

[14] *Id.* ¶¶ 91–93.

Student Information System and limited his job duties to customer service tickets.[15]

Disciplinary hearings were conducted on May 22, July 19, and August 21, 2023.[16] Litman was represented by PFT Vice President Arlene Kempin.[17]  The hearings were conducted by defendants Dr. Karen Kolsky and Sheila Wallin, employees of Foundations, Inc., which contracts with SDP to provide temporary support staff.[18]

Litman claims the hearings were procedurally deficient and did not comply with the CBA.[19] He complains that defendants failed to substantiate their disciplinary charges with evidence, issued defective hearing notices and ignored his documents.[20]  On August 29, 2023, the hearing officer, defendant Kolsky, recommended that Litman's employment be terminated.[21]  Litman was suspended without pay, pending a formal termination hearing.[22]  At the time he filed his Amended Complaint, his employment had not been formally terminated.[23]

Litman alleges he discussed his employment and suspension with state legislators,

---

[15] *Id.* ¶¶ 93–94.

[16] *Id.* ¶¶ 104, 108, 136–37, 140, 142, 146, 151, 160.

[17] *Id.* ¶ 26.

[18] *Id.* ¶¶ 48–51; Defs. Dr. Karen Kolsky's and Sheila Wallin's Motion to Dismiss Pl.'s. Am. Compl. 3, ECF No. 21 ["Hearing Defs.' Br."].

[19] Am. Compl. ¶¶ 136–38, 146, 151, 153, 156.

[20] *Id.* ¶¶ 85, 104, 108, 136–38, 151, 153, 156, 160.

[21] *Id.* ¶¶ 48, 167.

[22] *Id.* ¶¶ 167, 190.

[23] *Id.* ¶ 202.  SDP later terminated Litman's employment on February 29, 2024.  Mem. of L. in Supp. of Mot. to Dismiss the Am. Compl. by the SDP Defs. 6, ECF No. 22 ["SDP Defs.' Br."]; Pls.' Reply to Def. School District of Phila. and Associated Defs. Mot. to Dismiss 22, ECF No. 25.

who "referred [him] to various local, state and federal agencies."[24]  On July 23, 2023, he

"submitted a complaint regarding" the denial of his reasonable accommodation request

to the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment

Opportunity Commission (EEOC).[25]  He avers that on August 23, 2023, he "submitted" a

complaint to the EEOC by e-mail, titled "Ben Litman's First Response to Hearing on

8/21/23."[26]  He does not describe the subject or contents of the document.  He alleges

that "no action was taken" in response to his email.[27]  He claims that the EEOC, PHRC,

Pennsylvania Office of Attorney General, U.S. Department of Justice, and the

Pennsylvania Governor either "declined jurisdiction or failed to reply" to his complaints.[28]

Litman initiated this action in the Philadelphia Court of Common Pleas.

Defendants removed it based on federal question jurisdiction.[29]  After the defendants

moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[24] Am. Compl. ¶¶ 57–58.

[25] *Id.* ¶ 141.

[26] *Id.* ¶ 164.

[27] *Id.*

[28] *Id.* ¶ 58.

[29] Joint Notice of Removal of Civil Action by all Defs., ECF No. 1.

Litman filed an Amended Complaint.[30]   Defendants moved to dismiss the Amended Complaint, renewing the arguments set forth in their motions to dismiss the original Complaint.[31]   Defendants argue that Litman's amendments fail to cure the deficiencies in his original Complaint.

## Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A conclusory recitation of the elements of a cause of action is not sufficient. *Oakwood Lab'ys LLC v. Thanoo,* 999 F.3d 892, 904 (3d Cir. 2021). The plaintiff must allege facts necessary to make out each element. *Id.* (citations omitted). We disregard mere recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *Id.* (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

---

[30] Litman has filed several documents titled "Amended Civil Action Complaint."  Each of them appears on the docket as a response in opposition to defendants' motions to dismiss.  On February 16, 2024, Litman attached the first Amended Complaint to his responses to defendants' motions to dismiss the original complaint.  *See* ECF Nos. 14, 15.  During a pretrial conference held on February 20, 2024, we instructed counsel to file a redlined version of the February 16 Amended Complaint.  On February 21, 2024, Litman filed another Amended Complaint, which was not redlined and differed from the February 16 Amended Complaint.  *See* ECF No. 19.  The next day, Litman filed a redlined version of the February 21 Amended Complaint.  *See* ECF No. 20.

Defendants argue that Litman did not have leave to file the February 21 and February 22 Amended Complaints, but addressed the February 21 Amended Complaint for purposes of argument.  We treat the Amended Complaint filed on February 21, 2024 as the operative complaint.  *See* ECF No. 19.

[31] Hearing Defs.' Br. 1; SDP Defs.' Br. 1; Defs. Phila. Federation of Teachers and Arlene Kempin's Mem. of L. in Supp. of Mot. to Dismiss Pl.'s Am. Compl. 1, ECF No. 23.

The complaint must contain facts which support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim. *Id.* (citation omitted). Accepting the well-pleaded facts as true and disregarding legal conclusions, we determine whether the alleged facts make out a plausible claim for relief. *Id.* (citing *Iqbal*, 556 U.S. at 679).

All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## Analysis

The sole federal claim articulated in the Amended Complaint in Count II is for violation of the ADA for failure to accommodate Litman's learning disabilities by providing him written instructions for new student placement procedures.   In Count IV of the Amended Complaint, titled "denial of civil rights," Litman mixes ADA and breach of contract claims.  He states defendants "breached" the CBA and deprived him of his rights as a protected full-time employee under the CBA.[32]  This is redundant of his breach of contract claim, which is also based on the alleged breach of the CBA in Count VI.[33]  Count IV again claims defendants deprived him of his right to reasonable accommodations under the ADA.[34]  This is the same basis for the ADA claim in Count II.  Litman cites no

---

[32] Am. Compl. ¶¶ 245–46, 248.

[33] *See id.* ¶¶ 267–68.

[34] *Id.* ¶ 249.

other statutory or constitutional basis for his "denial of civil rights" claim.  Therefore, we treat Count IV as duplicative of the ADA and breach of contract claims.

In his introductory statement, Litman references a number of federal statutes and constitutional provisions.  He purports to bring his action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Equal Protection Clause of the Fourteenth Amendment; the Rehabilitation Act; 42 U.S.C. § 12203; and the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–69.[35]  He mentions Title VII, the Fourteenth Amendment, and the Rehabilitation Act in one sentence.  He does not allege any facts making out a cause of action under any of these provisions.  The only federal cause of action he supports with facts is his ADA claim.

*ADA Claim*

Before filing an action for employment discrimination under the ADA, the plaintiff must exhaust all administrative remedies.  *Simko v. United States Steel Corp*, 992 F.3d 198, 204 (3d Cir. 2021).  To exhaust, a plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue letter.  *Id.* at 206; *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 163 (3d Cir. 2013) (citing *Robinson v. Dalton,* 107 F.3d 1018, 1020–21 (3d Cir.1997)).    A right-to-sue letter evidences that the plaintiff has exhausted his administrative remedies.  *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  In short, a plaintiff may not bring an ADA claim unless he has received a right-to-sue letter.  *Id.*; *Simko*, 992 F.3d at 206.

A failure to exhaust administrative remedies is an affirmative defense.  *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997).  Nonetheless, a cause of action may be

---

[35] *Id.* ¶ 7.

9

dismissed under Rule 12(b)(6) for failure to exhaust when it is clear that the plaintiff did not exhaust his administrative remedies.  *See id.*; *Robinson*, 107 F.3d at 1022.

The defendant cannot rely on the plaintiff's failure to plead exhaustion in his complaint.  The defendant must affirmatively aver that plaintiff did not exhaust, shifting the burden to the plaintiff to show that he received a right-to-sue letter.  If plaintiff does not rebut the defendant's assertion that he did not exhaust, his ADA claim must be dismissed for failure to exhaust administrative remedies.  *See Hickman v. Amazon Fullfilment,* 662 F. App'x 176, 178–79 (3d Cir. 2016); *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014).

Litman's failure to exhaust is apparent on the face of his Amended Complaint.  His own allegations establish that the EEOC did not issue a right-to-sue letter.  He specifically alleges that after he submitted a complaint to the EEOC, "no action was taken to [his] knowledge."[36]  Litman avers that the "various local, state and federal agencies," including the EEOC, either "declined jurisdiction or failed to reply" to his complaints.[37]  Therefore, because Litman's failure to exhaust his administrative remedies is undisputed, we shall dismiss Count II.[38]

### Breach of Contract and Breach of Duty of Fair Representation

In Count VI asserting a breach of contract claim, Litman alleges that his firing violated the CBA.  Because the SDP defendants employed and fired Litman, we construe this as a claim for breach of the CBA against the SDP defendants.

---

[36] *Id.* ¶ 164.

[37] *Id.* ¶ 58.

[38] Because Litman's "denial of civil rights" claim is duplicative of his ADA claim, the same analysis and result with respect to exhaustion of administrative remedies applies to Count IV.

In Count VII, labeled fraud, Litman alleges that in return for his paying union dues, the PFT promised to provide him competent representation in disciplinary proceedings.[39] Despite this promise, he alleges, the PFT defendants failed to represent him competently throughout his disciplinary proceedings.[40]   Hence, we shall treat Count VII as a claim for breach of the duty of fair representation against the PFT defendants.

In his breach of contract claim, Litman cites the NLRA.  He alleges that defendants "jointly and individually" violated the NLRA.[41]  Litman does not specify which provision of the NLRA the defendants violated.  Nor does he describe protected union activity.

Under the NLRA, a union may be liable for breaching its duty of fair representation of a union member.  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 312 (3d Cir. 2004); *Ford Motor Co. v. Huffman*, 345 U.S. 330, 336–37 (1953) (citing 29 U.S.C. §§ 157, 159).  An employee may also bring a claim against his employer under section 301(a) of the Labor Management Relations Act for breaching a CBA.  *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993); 29 U.S.C. § 185(a).  When an employee brings these claims together, it is considered a "hybrid" suit.  *Felice*, 985 F.2d at 1226.

The two claims are "inextricably interdependent."  *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164 (1983).  When the employer in a hybrid suit is exempt from the NLRA, there is no basis for federal subject matter jurisdiction over the breach of contract claim against the employer and the breach of duty of fair representation against the union.  *Felice*, 985 F.2d at 1227; *Manfredi v. Hazleton City Auth.*, 793 F.2d 101, 102,

---

[39] Am. Compl. ¶ 274.

[40] *Id.* ¶¶ 26–27, 153, 156, 279.

[41] *Id.* ¶ 271.

104 n. 5 (3d Cir. 1986); *Lopresti v. County of Lehigh,* 572 F. App'x 133 (2014).

The SDP and PFT defendants argue that the NLRA does not apply to Litman's claim because SDP is exempt from the NLRA.[42]  We agree.

Public sector employers are not subject to the NLRA.  In defining "employer," the NLRA excludes "the United States . . . or any State or political subdivision thereof."  29 U.S.C. § 152(3).  Public employers are subject to state labor law.  Here, the Pennsylvania Public Employers Act ("PERA"), 43 P.S. §§ 1101.101 *et seq*., applies.  "Public employers" include "the Commonwealth of Pennsylvania, [and] its political subdivisions including school districts."  43 P.S. § 1101.301(1).

Because SDP is a political subdivision of Pennsylvania, the NLRA does not apply to Litman's claims for breach of the CBA and breach of the duty of fair representation. These claims are governed by Pennsylvania law.  *See Manfredi v. Hazleton City Auth.*, 793 F.2d 101, 102, 104 n. 5 (3d Cir. 1986); *Lopresti,* 572 F. App'x 133.  Therefore, we shall dismiss Counts VI and VII.

*Whistleblower Claim*

The Pennsylvania Whistleblower Law prohibits publicly funded employers from discharging, threatening, discriminating or retaliating against an employee regarding the terms of his employment for reporting wrongdoing or waste.  43 P.S. § 1423(a); *Harrison v. Health Network Lab'ys Ltd. Partnerships*, 232 A.3d 674, 677 (Pa. 2020).  Only an employer can be liable under the Pennsylvania Whistleblower Law.  *See Bradley v. W. Chester Univ.,* 278 A.3d 402 (Pa. Commw. Ct. 2022), *aff'd*, 294 A.3d 303 (Pa. 2023)

---

[42] Defs. Phila. Federation of Teachers and Arlene Kempin's Reply in Supp. of Union Defs.' Mot. to Dismiss Pl.'s Am. Compl. 2, ECF No. 28; Reply Br. in Supp. of Mot. to Dismiss the Am. Compl. by the SDP Defs. n. 1, ECF No. 29.

(dismissing whistleblower claim where there was no employment relationship between plaintiff and defendant at the time of the alleged retaliation).

The statutory definition of "employer" includes a "public body" and any "individual" who "receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body." 43 P.S. § 1422. A "public body" includes any body which is created or funded by the Commonwealth or political subdivision authority and "employee[s] of that body." *Id.* In short, both public employers and their employees may be subject to liability under the Pennsylvania Whistleblower law. *Brennan v. City of Philadelphia*, No. CV 18-1417, 2018 WL 4566134, at *7 (E.D. Pa. Sept. 21, 2018) ("[I]ndividuals are included in the definition of 'employer' under the Pennsylvania Whistleblower Law."); *Bines v. Williams*, No. CV 17-4527, 2018 WL 4094957, at *4 (E.D. Pa. Aug. 27, 2018); *see also Bailets v. Pennsylvania Tpk. Comm'n,* 123 A.3d 300, 309 (Pa. 2015).

Under the Pennsylvania Whistleblower Law, SDP and the individual SDP defendants qualify as Litman's "employers." The Hearing defendants and the PFT defendants were not his employers. They are not proper defendants under the Pennsylvania Whistleblower Law. We shall dismiss Count I as to the Hearing defendants and the PFT defendants.

*Wrongful Termination*

Count V asserts a wrongful termination claim. Unlike an at-will employee, a union-represented employee must contest his dismissal through the CBA's grievance procedure. *Ciferni v. Day & Zimmerman, Inc.*, 529 F. App'x 199, 204 (3d Cir. 2013); *Coppola v. Jneso-Pocono Med. Ctr.*, 400 F. App'x 683, 684 (3d Cir. 2010). Union

employees covered by a CBA cannot assert a common law claim for wrongful termination. *Ciferni*, 529 F. App'x at 203 (citing *Phillips v. Babcock & Wilcox*, 503 A.2d 36, 37–38 (Pa. Super. Ct. 1986)); *Harper v. Am. Red Cross Blood Servs.,* 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001).

Litman's recourse for his suspension and termination is the grievance process provided in the CBA.  He cannot pursue a wrongful termination claim.  Therefore, Count V is dismissed.

### Defamation

To state a claim for defamation, a plaintiff must allege the defendant made a defamatory statement about the plaintiff and published it to a third-party who understood it to be defamatory. *Bennett v. Itochu Int'l, Inc.*, 682 F. Supp. 2d 469, 476 (E.D. Pa. 2010) (citing *Tucker v. Fischbein*, 237 F.3d 275, 281 (3d Cir. 2001) (applying Pennsylvania law)); *see also* 42 Pa. Cons. Stat. § 8343; *Bell v. Mayview State Hosp.*, 853 A.2d 1058, 1061 (Pa. Super. Ct. 2004) (quoting *Brown v. Blaine*, 833 A.2d 1166, 1173 n.14 (Pa. Commw. Ct. 2003)).  The plaintiff must also allege an injury.  *Bell*, 853 A.2d at 1061 (quoting *Brown*, 833 A.2d at 1173 n.14).  Whether a statement is defamatory is a question of law for the court.  *Bell*, 853 A.2d at 1061–62 (quoting *Feldman v. Lafayette Green Condo. Ass'n*, 806 A.2d 497, 500 (Pa. Commw. Ct. 2002)).

Litman does not allege any false or defamatory statements by Tony B. Watlington Sr., Leticia Egea-Hinton, Burnett Coke, or Jay Muchemi.[43]  He alleges that the remaining individual defendants "disseminated misinformation" about his professionalism,

---

[43] *See* Am. Compl. ¶¶ 16–18, 24–25, 28–29.  Litman does not allege any defamation by Watlington, Sr., Leticia Egea-Hinton, or Coke.  He alleges that defendant Jay Muchemi "made defamatory statements" about him, but does not describe the contents of these statements.  *Id.* ¶ 52.

character, and work productivity.[44]  He claims that defendants Lizette Egea-Hinton, Ericka Washington, and Deborah Moore falsely accused him of racism and that Washington and Egea-Hinton accused him of being "anti-women."[45]  Litman further alleges that Lizette Egea-Hinton called him a "danger to the public" and accused him of placing students at risk.[46]

All defendants argue that Litman fails to state a cause of action for defamation. They argue Litman has failed to adequately plead the content and defamatory character of defendants' statements, how and to whom the statements were published, and the injury resulting from the alleged defamation.[47]

Litman has not identified any third parties to whom defendants made the alleged defamatory statements.  *See Jaindl v. Mohr*, 637 A.2d 1353, 1358 (Pa. Super. Ct. 1994), aff'd, 661 A.2d 1362 (Pa. 1995) ("A complaint for defamation must, on its face, identify exactly to whom the allegedly defamatory statements were made.").  Nor does he allege whether the recipients of the alleged statements understood them to have a defamatory meaning.  He provides no details as to the manner of the alleged publication.

In short, Litman has not specified when, how, and to whom those allegedly defamatory statements were made.  *See Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 7429 (E.D. Pa. 2000); *Moore v. Lower Frederick Township*, 2022 WL 657068, at *8

---

[44] *Id.* ¶¶ 23, 27, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51.

[45] *Id.* ¶¶ 31, 33, 35.

[46] *Id.* ¶¶ 93, 31.

[47] Hearing Defs.' Br. 5; Defs. Dr. Karen Kolsky's and Sheila Wallin's Mot. to Dismiss Pl.'s Compl. 9–12, ECF No. 6; SDP Defs.' Br. 14–16; Mot. to Dismiss by the Phila. Federation of Teachers and Arlene Kempin 13–16, ECF No. 9.

(E.D. Pa. March 4, 2022) (dismissing defamation claim where plaintiff failed to sufficiently allege the "content of the statement, the nature of the publication, or the identity of the recipient").  Lacking specificity, Count III must be dismissed.[48]

*Remaining State Law Claims*

Having dismissed Counts II, III, IV, V, VI, and VII against all defendants and Count I against the Hearing defendants and the PFT defendants, Litman's remaining claim is for whistleblower retaliation against the SDP defendants, which arises under Pennsylvania law.

"Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); 28 U.S.C. § 1367(c)(3).  The decision to exercise or decline supplemental jurisdiction is within the district court's discretion.  *Hedges*, 204 F.3d at 123.

A federal court may, in its discretion, exercise supplemental jurisdiction over some state law claims and decline to exercise supplemental jurisdiction over others.  *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999); *see also Chester Upland Sch. Dist. v. Pennsylvania*, 861 F. Supp. 2d 492, 520 (E.D. Pa. 2012) (declining to exercise supplemental jurisdiction over all state law claims but retaining jurisdiction over one claim

---

[48] Because we dismiss the defamation count for failure to state a claim, we do not reach the SDP defendants' argument that they are immune pursuant to the Pennsylvania Political Subdivision Tort Claims Act or the PFT and Hearing defendants' argument that the alleged statements are protected by conditional privilege.

involving "relatively simple Pennsylvania contract law").

We have exercised supplemental jurisdiction over the state law claims for breach of contract, breach of the duty of fair representation, defamation, wrongful termination, and whistleblower retaliation against the Hearing defendants and PFT defendants in the interest of judicial economy and fairness to the parties.

The disposition of the whistleblower retaliation claim against the SDP defendants requires an analysis that the state court is better suited to conduct. Because it requires application of Pennsylvania law, we decline to exercise supplemental jurisdiction over the whistleblower retaliation claim against the SDP defendants.

## Conclusion

For the reasons stated, all claims against the PFT, Arlene Kempin, Dr. Karen Kolsky, and Sheila Wallin will be dismissed. All claims, except for whistleblower retaliation against the SDP defendants, will be dismissed. We shall decline to exercise supplemental jurisdiction over the retaliation claim against the SDP defendants and remand this case to the state court.